"WheeleR, J.
In support, of the first ground of error assigned it is insisted that the contingency had not happened which authorized the appointment by the court of a 'district attorney pro tem. To this it is a sufficient answer that the court recognized the official character of the person who acted as district attorney; and in the absence of anything appearing in the record to the contrary, we must presume that he was duly and legally appointed and that he rightfully exercised the office.
In respect to the refusal of a continuance it maybe observed that the statute does not prescribe what shall be sufficient on a first application. (Hart. Dig., art. 815; Hipp v. Bissel, 3 Tex. R., 18, 22.) We must suppose that it was intended that less should be required on a first than on-a second application. But as the statute does not prescribe what less than is required on a second shall be sufficient on a first application, that must be. left in a great decree to the discretion of the court in the particular case. (II).) It is uune-cessafy to ascertain in the present case what may be a proper limit of the discretion confided by the law, or to determine whether the statute regulating the granting of continuances is applicable to this class of cases. It may be remarked, however, that its reason seems equally applicable to criminal as to civil cases. There would seem to be quite as much reason to place a limit on judicial discretion in the former as in the latter, and to guard against its abuse by legislation. In a case like the present, however, unless there is cause to. apprehend that there has been an abuse of the discretion confided to the judge which has worked some wrong or injustice to the party, the court will not revise its exercise. We see no reason for such an apprehension in the present case. It might be indicated as a want of sufficiency in the first application that the affidavit did not give the name of any witness, nor did the affiant slate that he expected to be able to procure the attendance of his witnesses at the next term, or indeed that he expected ever to obtain their testimony; and the second affidavit also is obnoxious to the latter objection. But it is not proposed to rest our decision on this ground. The record disclosed a wholesale swearing for continuances of a character well calculated to discredit the affidavits aiid to east suspicion on the integrity of the application. Under the circumstances it was, we think, rightly.refused, and we are of opinion that the judgment be affirmed.
This opinion applies also to cases' numbered 532, 533, 534, 535, 536, 537, and 538, between the same parties, which in their facts differ in no essential respect from the present ease.