Bonnie Sue **MARBUT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–01–091–CR.

Court of Appeals of Texas,
Waco.

May 1, 2002.

Rehearing Overruled May 22, 2002.

Bennett Brantley, Aufill, III, Hillsboro, for appellant.

Phil Robertson, Robertson, Robertson, & Silas, L.L.P., Clifton, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

Bonnie Sue Marbut has a history of mental illness which began in 1993 when she discovered the brutally slain bodies of her niece and stepdaughter. In 1998, she pled guilty to a state-jail felony, theft by check, and was placed on three years' deferred-adjudication community supervision. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5 (Vernon Supp.2002). Over the next two years she repeatedly violated the terms and conditions of her community supervision. Finally, after an evidentiary hearing in January 2001, the trial court adjudicated her guilt and sentenced her to eighteen months in a state jail facility. She has two complaints on appeal:

1. She was mentally incompetent at the revocation hearing, and the trial court, *sua sponte,* should have conducted a competency inquiry because testimony about her history of mental illness brought her competency into question. *Id.* art. 46.02, § 2(b) (Vernon 1979).

2. The attorney *pro tem* appointed to represent the State lacked authority to act, and therefore the judgment is void. *Id.* art. 2.07 (Vernon 1977 & Supp.2002).

Finding no error, we will affirm the judgment.

### *Jurisdiction*

A threshold question is whether we have jurisdiction. *State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim.App.1996) (A court may *sua sponte* review its subject matter jurisdiction.).

On violation of a condition of [deferred] community supervision, ... [t]he defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2002). We must determine whether Marbut's two issues constitute an "appeal ... taken from th[e] determination" to adjudicate her guilt.

The Code of Criminal Procedure assumes the defendant is mentally competent during proceedings in the trial court; there is a statutory right to be competent at trial: (a) article 46.02 requires that the defendant be competent to participate in the "trial," and (b) article 42.07 precludes the pronouncement of sentence if the defendant is incompetent. TEX.CODE CRIM. PROC. ANN. arts. 42.07, 46.02 (Vernon Supp. 2002); *Casey v. State,* 924 S.W.2d 946, 949 (Tex.Crim.App.1996). In addition, the question of competency to stand trial applies at a hearing to adjudicate guilt. *Gilbert v. State,* 852 S.W.2d 623, 626 (Tex. App.-Amarillo 1992, no writ); *contra Arista v. State,* 2 S.W.3d 444, 445–46 (Tex. App.-San Antonio 1999, no pet.).[1] Fur-

---

1. We believe that in reaching its conclusion, the San Antonio court's reliance on *Connolly v. State* is misplaced. *Connolly v. State,* 983 S.W.2d 738 (Tex.Crim.App.1999). The *Con-* *nolly* court held that the trial court's decision about whether the State exercised due diligence in apprehending the defendant and having a hearing on adjudication of guilt was

thermore, sentencing is part of the "trial," and therefore both articles should be read together. *Casey*, 924 S.W.2d at 949.

As for Marbut's other issue, article 2.07 of the Code of Criminal Procedure is a procedural statute governing the appointment of an attorney *pro tem* when the district attorney is disqualified.

Marbut's issues on appeal pertain to the validity of the proceedings whereby her guilt was adjudicated and she was sentenced to prison. They do not pertain to the trial court's decision (determination) to adjudicate her guilt. Therefore, we have jurisdiction. *Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex.Crim.App.2001) (Irregularities surrounding proceedings in which guilt is adjudicated and punishment assessed may be the basis of an appeal.); *Feagin v. State*, 967 S.W.2d 417, 419 (Tex.Crim.App. 1996) (Rule 25.2(b)(3) does not apply to issues unrelated to the conviction.).

### Competency

The State alleged over 100 violations of the terms and conditions of community supervision; the trial court found sufficient evidence to support most of them. At the revocation hearing, there was no motion or request made regarding Marbut's competency to participate in the hearing, nor did any of her three witnesses state or imply that she was not competent. Even Marbut testified and gave no hint that she might be having difficulty understanding the proceedings.

Section 2(b) of article 46.02 states: "If during the trial evidence of the defendant's competency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incom-

petency to stand trial." TEX.CODE CRIM. PROC. ANN. art. 46.02, § 2(b). Marbut asserts that the evidence she presented at the hearing from three mental-health professionals and her own testimony, adduced to persuade the trial court to continue community supervision, doubles as the evidence that triggers the section 2(b) inquiry. She says it should have occurred to the trial court, based on the testimony, that Marbut's competency at the revocation hearing was in question.

■ The Court of Criminal Appeals recently discussed section 2(b) in *Alcott v. State*, 51 S.W.3d 596 (Tex.Crim.App.2001). Due process precludes an incompetent person from being brought to trial. *Id.* at 598 (citing *Drope v. Missouri*, 420 U.S. 162, 171–72, 95 S.Ct. 896, 903–04, 43 L.Ed.2d 103 (1975)). The Court drew a distinction between a "competency inquiry" and a "competency hearing." *Id.* at 601. Section 2(b) refers to a "competency inquiry," which is a proceeding, either *sua sponte* or based on a motion, conducted by the trial court, out of the presence of the jury, to determine if a "competency hearing" before a jury must be held to determine if the defendant is competent to stand trial. *Id.* The trial court must conduct a "competency inquiry" only if there is evidence sufficient to create a *bona fide* doubt in the judge's mind about the defendant's competency to stand trial. *Id.* If so, then in conducting the "competency inquiry," the trial court must decide if there is "some evidence" to support a jury finding of incompetency to stand trial; if there is, the court must hold a "competency hearing" before a jury. *Id.*; TEX.CODE CRIM. PROC. ANN. art. 46.02, § 4(a) (Vernon Supp. 2002).

"merely a part of its decision to revoke and proceed to judgment, and no appeal lies from that decision." *Id.* at 741. Issues of "compe-

tency" and the authority of the prosecutor to act are not a "part of [the trial court's] decision to revoke and proceed to judgment."

A *bona fide* doubt is measured by whether the evidence raises a doubt that the defendant "has a sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding or ... possesses an understanding of the proceedings against [her]." *Alcott v. State*, 26 S.W.3d 1, 3 (Tex.App.-Waco 1999), *aff'd*, 51 S.W.3d 596 (Tex.Crim.App.2001) (citing *Mata v. State*, 632 S.W.2d 355, 358–59 (Tex.Crim.App.1982)). "[Evidence raising a *bona fide* doubt] need not be sufficient to support a [jury's] finding of incompetence and is qualitatively different from such evidence." *Alcott*, 51 S.W.3d at 599 n. 10 (quoting *Mata*, 632 S.W.2d at 358). Evidence of (1) recent severe mental illness, (2) at least moderate retardation, or (3) truly bizarre acts by the defendant are generally sufficient to create a *bona fide* doubt. *Id.* However, the fact that a defendant has been treated by a psychiatrist, standing alone, is insufficient to create a *bona fide* doubt. *Alcott*, 26 S.W.3d at 3.

The record of the hearing does not show that Marbut and her three witnesses raised any question about whether she understood the proceedings or was having difficulty consulting with her lawyer. To the contrary, by its witnesses the defense attempted to show that Marbut, if allowed to avoid prison and continue with her psychological treatment, could function normally enough to remain free. The purpose and substance of the testimony runs counter to Marbut's assertion that it created a *bona fide* doubt that she was competent at the time.

The issue is overruled.

### Attorney Pro Tem

Article 2.07 of the Code of Criminal Procedure addresses when the trial court may appoint an attorney to perform the duties of the attorney for the State (defined as the criminal district attorney, county attorney, or, as here, the district attorney). Tex.Code Crim. Proc. Ann. art. 2.07. This might arise if the attorney for the State is absent from the district, disqualified, recused, or for any other reason unable to perform the duties of the office. *Id.* art. 2.07(a), (b–1). In any of these events, the trial court may appoint any competent attorney to take up the duties of the position. *Id.* art. 2.07(a). If the appointed attorney is not a district attorney (or criminal district attorney or county attorney), he or she must file an oath with the clerk. *Id.* art. 2.07(c). The appointed attorney is called an "attorney *pro tem.*" *Stephens v. State*, 978 S.W.2d 728, 731 (Tex.App.-Austin 1998, pet. ref'd). An attorney *pro tem* is distinguished from a "special prosecutor" who is an attorney, not a part of the district attorney's staff, enlisted to assist the district attorney in a particular case. *Id.; State v. Rosenbaum*, 852 S.W.2d 525, 529 (Tex.Crim.App.1993) (Clinton, J., concurring). The district attorney need not be absent, disqualified, or recused, or otherwise unable to perform, and approval by the trial court of the special prosecutor is not required. *Id.*

The responsibility for acknowledging a need for an attorney *pro tem* lies with the district attorney, and the trial court may not impose it. *State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 5–7 (Tex.Crim.App.1990) (opinion on reh'g); *but see State ex rel. v. McDonald*, 877 S.W.2d 469, 470–71 (Tex.App.-San Antonio 1994, no pet.) (*Eidson* is of "uncertain precedential value."). Applicable here, a district attorney may be disqualified if, *e.g.*, he or she previously represented the defendant in the same matter. Tex.Code Crim. Proc. Ann. art. 2.01 (Vernon Supp. 2002); *Scarborough v. State*, 54 S.W.3d 419, 424 (Tex.App.-Waco 2001, no pet.). If disqualified because of an actual (not imputed) conflict of interest, all assistant dis-

trict attorneys in the district are also disqualified. *Scarborough,* 54 S.W.3d at 424; *State v. May,* 270 S.W.2d 682, 684 (Tex. Civ.App.-San Antonio 1954, no writ). However, if only an assistant is disqualified, the entire staff is not. *Scarborough,* 54 S.W.3d at 424–25. A district attorney may request recusal if there is "good cause." TEX.CODE CRIM. PROC. ANN. art. 2.07(b–1).

 Assistant district attorney A. Lee Harris was assigned to the case. Marbut's attorney sent a letter, filed with the clerk, to district attorney Dan Dent requesting that Dent "voluntarily recuse" himself because Harris previously represented Marbut in a related case. Five days later, Harris filed a "Request for Recusal" of himself which asked that "an Attorney Pro Tem as described in article 2.07 ... be appointed as special prosecutor." The trial court granted the request and issued an "Order Appointing Attorney as Special Prosecutor" in which attorney Phil Robertson was appointed as "District Attorney in this district" specifically to prosecute Marbut. The order said that Harris was "disqualified" "by virtue of Article 2.07." Robertson executed an oath to "faithfully execute the duties of the office of District Attorney" regarding matters relating to Marbut.

Procedurally, there are several errors which confuse the issue, *e.g.,* the terms "attorney *pro tem*" and "special prosecutor" were used as synonyms, and Harris was "disqualified" "by virtue of Article 2.07" which by its express wording pertains to district attorneys, not to their assistants. But moreover, the appointment of Robertson is fundamentally flawed because the elected district attorney, Dent, was never disqualified-Harris was. Under article 2.07, an attorney *pro tem* cannot be appointed unless and until the district attorney is disqualified, recused, or otherwise unable to perform. Therefore, Robertson's appointment as attorney *pro tem* was not authorized.

 But Marbut did not object to this irregularity at trial, and we do not ordinarily review unpreserved complaints. TEX.R.APP. P. 33.1. Citing *Marin v. State,* however, she argues that we can review this complaint. *Marin v. State,* 851 S.W.2d 275, 279 (Tex.Crim.App.1993). In *Marin,* the Court of Criminal Appeals recognized that a defendant's rights arise from distinct rules that generally fall into one of three categories: (1) absolute requirements and prohibitions; (2) rights which must be implemented by the system unless expressly waived; and (3) rights which are implemented only upon request and therefore can be forfeited. *Id.* Absolute requirements and prohibitions, as well as rights which must be implemented unless waived, cannot be made subject to procedural default because, by definition, they are not forfeitable. *Id.* Determining which category a right falls into will usually settle the question of whether a procedural default occurred, and therefore whether the issue was preserved for appeal. *Id.*

 Absolute rights cannot be avoided, even with consent. *Id.* at 280. Implementation of these rights is not optional and cannot be waived or forfeited. *Id.* at 279. A defendant may complain about the violation of an absolute right or prohibition on appeal without having raised the question in the trial court. *Id.* at 280. These rights pertain to systemic requirements of the judicial proceeding, *e.g.,* jurisdiction and the constitutionality of statutes. *Id.* at 279.

 Rights in the second category—waivable rights—are "so fundamental to the proper functioning of our adjudicatory process" that they do not vanish easi-

ly; a litigant does not give them up unless he does so plainly, freely, and intelligently. *Id.* at 279–80. If a defendant wants to relinquish one of these rights, he must expressly do so, *i.e.*, there must be an "intentional relinquishment or abandonment of a known right or privilege." *Id.* at 279 (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)). Sometimes the waiver must be in writing; always, it must be on the record. *Id.* at 280. The judge has an independent duty to implement such rights, absent an effective waiver. *Id.* Many constitutional rights fall into this category. *Id.* at 279.

The third category includes rights that arise from rules that are optional at the request of a defendant. *Id.* at 278. Rule 33.1 applies only to these rights; the judge must implement them only on request of a party, and they will be forfeited if no complaint is made at trial. *Id.* at 280; Tex.R.App. P. 33.1. The judge has no independent duty to enforce these rights. *Marin,* 851 S.W.2d at 278. Ordinary objections to evidence and procedural benefits are included in this category. *Id.*

Rule 33.1 reaffirms these basic principles of adversarial litigation; it was not meant to amend or repeal them. *Id.* at 280. Because Rule 33.1 may not "abridge, enlarge or modify" a defendant's substantive rights including the statutory right to appeal, it does not apply to errors concerning the first two categories of rights. *Id.* at 278, 280.

The Austin court has held that Rule 33.1 applies to article 2.07 issues. *Stephens,* 978 S.W.2d at 730. There, the Appellant complained that an assistant attorney general who had been appointed attorney *pro tem* was without authority, because the requirements of the article

had not been met. The court applied Rule 33.1, and concluded "[t]he failure to object waived any error." *Id.* Finding no authority to the contrary, we will follow *Stephens.* Article 2.07 does not concern the jurisdiction of the trial court or the constitutionality of a statute. *Marin,* 851 S.W.2d at 279. Furthermore, a defendant's right to have a prosecutor qualified under article 2.07 to represent the State is not a right "so fundamental to the proper functioning of our adjudicatory process" that it cannot be forfeited. *Id.* at 278. Article 2.07 sets out a procedural process for the appointment of an ad hoc district attorney. If those procedures are not properly followed, the defendant should object. Failure to do so, under Rule 33.1, forfeits the complaint on appeal.[2] Tex.R.App. P. 33.1.

### Conclusion

Based on the information it had, the trial court was not obligated to *sua sponte* conduct a competency inquiry. Also, by not raising the issue in the trial court, Marbut forfeited any complaint on appeal about Robertson's appointment as attorney *pro tem.* Consequently, we affirm the judgment.

Justice GRAY dissenting.

GRAY, Justice, dissenting.

We have no jurisdiction of this appeal. Let me count the ways. Three.

First: Texas Rule of Appellate Procedure 25.2(b)(3);

Second: Texas Code of Criminal Procedure 42.12, sec. (5)(b); and

Third: Texas Rule of Appellate Procedure 50.

---

2. Marbut's complaints about the legitimacy of documents filed by Robertson days or minutes before his oath was given and filed meets the same fate.

Because the majority rules on the merits of the complaint, rather than dismissing it for want of jurisdiction, I respectfully dissent.

## RULE OF APPELLATE PROCEDURE 25.2(b)(3)

Because this is an appeal of a judgment from a plea bargain, in which the punishment assessed did not exceed the punishment agreed to, Rule 25.2(b)(3) is applicable. The full text of the applicable rule provides:

(a) Perfection of Appeal. In a criminal case, appeal is perfected by timely filing a notice of appeal. In a death-penalty case, however, it is unnecessary to file a notice of appeal.

(b) Form and Sufficiency of Notice.

(1) Notice must be given in writing and filed with the trial court clerk.

(2) Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order, and, if the State is the appellant, the notice complies with Code of Criminal Procedure article 44.01.

(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

TEX.R.APP. P. 25.2. The requirement for specific contents of the notice, specified in 25.2(b)(3), applies to an appeal from the proceeding in which the State moves to adjudicate the defendant's guilt. *Vidaurri v. State*, 49 S.W.3d 880, 883 (Tex.Crim. App.2001).

Marbut's notice of appeal does not comply with Rule 25.2(b)(3). Marbut did receive the trial court's permission to appeal, but permission was not received until after the notice of appeal was filed. No amended notice of appeal was filed within the time permitted by the rule. Only a timely filed notice of appeal which complies with the rule invokes our jurisdiction. *State v. Riewe*, 13 S.W.3d 408, 411 (Tex.Crim.App. 2000). Marbut's notice of appeal was and is defective and did not invoke our jurisdiction.

## CODE OF CRIMINAL PROCEDURE Art. 42.12, sec. (5)(b)

This is an appeal of a determination to adjudicate Marbut's guilt. "No appeal may be taken from this determination." TEX. CODE CRIM. PROC. ANN. art. 42.12, sec. (5)(b) (Vernon Supp.2002). The sum and substance of the hearing and the issues about which Marbut complains are that the trial court should not have proceeded on an unauthorized motion to adjudicate her guilt because she was not competent to assist in her defense of the motion to adjudicate. We are a court of limited jurisdiction. Our jurisdiction is defined by the legislature. The legislature has affirmatively negated any argument that we have jurisdiction of an appeal from this type proceeding. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992).

## RULE OF APPELLATE PROCEDURE 50

We have previously issued an opinion in this cause, with one justice concurring, holding Marbut's notice of appeal was defective and her alleged substantial compliance with rule 25.2(b)(3) was ineffective to give us jurisdiction. TEX.R.APP. P. 25.2(b)(3). We subsequently denied a mo-

752

tion for rehearing. Marbut filed a petition for discretionary review. A majority of the court issued an order, calling it an opinion, purportedly withdrawing the original opinions. *Marbut v. State*, 58 S.W.3d 241 (Tex.App.-Waco 2000, no pet.). A copy of the withdrawn opinions are attached to the dissenting opinion in *Luera*. *Luera v. State*, 71 S.W.3d 408 (Tex.App.-Waco 2001, pet. ref'd).

> Rule 50 provides:
>
> Within 30 days after a petition for discretionary review has been filed with the clerk of the court of appeals that delivered the decision, a majority of the justices who participated in the decision may summarily reconsider and correct or modify the court's opinion or judgment. If the court's opinion or judgment is corrected or modified, the original opinion or judgment must be withdrawn and the modified or corrected opinion or judgment must be substituted as the opinion or judgment of the court. The original petition for discretionary review is dismissed by operation of law. Any party may then file with the court of appeals a petition for discretionary review seeking review of the corrected or modified opinion or judgment under Rule 68.2.

Tex.R.App. P. 50.

The majority acknowledged in a footnote what they were issuing was not really an opinion, it was only an order. *Marbut v. State*, 58 S.W.3d 241, 242 (Tex.App.-Waco 2000, no pet.) ("We style this an 'opinion' because of the wording of Rule 50. Tex. R.App. P. 50. Ordinarily, we would deny such a motion by an 'order.' "). But because only an "opinion" from the court of appeals would have the desired legal effect, they attempted to elevate form over substance in an effort to retain jurisdiction over this appeal. Calling an order an opinion does not make it so. Thus, the

majority's efforts did not dismiss the earlier petition by operation of law. We have no jurisdiction to issue a new or modified opinion more than 30 days after the petition for discretionary review has been filed. *Ex parte Brashear*, 985 S.W.2d 460 (Tex.Crim.App.1998).

## CONCLUSION

For any one of these three reasons, we have no jurisdiction of this case. Accordingly, I would dismiss this appeal for want of jurisdiction. This result is not as harsh as it may at first appear. If Marbut wants to complain that her conviction is void because she was not competent, she has the remedy of a petition for writ of habeas corpus. *White v. State*, 61 S.W.3d 424 (Tex.Crim.App.2001).