DAVIS V. ZELLER



NO. 07-02-0456-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 30, 2003


______________________________



ROGER LYNN DAVIS
,




 Appellant


v.



JAMES R. ZELLER, 




 Appellee

_________________________________



FROM THE 258TH DISTRICT COURT OF POLK COUNTY;



NO. CIV19,795; HON. LEE ALLWORTH, PRESIDING


_______________________________



ORDER ON MOTION TO ABATE THE APPEAL 



________________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Appellant Roger Lynn Davis has filed a document entitled "Appellant's Request to
Abate the Appeal and Request for Extension of Time Within Which to Obtain a Ruling from
the District Trial Court on a Postjudgment Request for Finding of Facts and Conclusion of
Law." Therein, he requests that we abate this appeal and order the trial court to "respond
to [] Appellant's request for Finding of Facts and Conclusion of law." Furthermore,
appellant requests a "new time for filing" his brief. We deny the motion to abate the appeal.

 According to the clerk's record, appellant filed a request for findings of fact and
conclusions of law with the trial clerk per Rule 296 of the Texas Rules of Civil Procedure. 
However, that same record contains no notice of past due findings as required by Rule 297
of the same rules. Omitting to file such a notice within the time prescribed by the rule
waives the right to complain about the trial court's failure to file findings of fact and
conclusions of law on appeal. See Las Vegas Pecan & Cattle Co. v. Zavala County, 682
S.W.2d 254, 255-56 (Tex.1984); Monroe v. Frank, 936 S.W.2d 654, 658 (Tex.
App.--Dallas 1996, writ dism'd w.o.j.). Because appellant failed to file the requisite notice
per Rule 297, he waived the right to complain on appeal that the trial court failed to enter
findings of fact and conclusions of law pursuant to the rules of civil procedure. Thus, there
is no need to abate the appeal or compel the trial court to file findings. 

 Finally, concerning the request to extend his briefing deadline, we note that we
previously directed that no further extensions would be granted. However, we grant a last
one and extend the deadline by which appellant is to file his brief to February 21, 2003. 
If the brief is not filed by that date, the cause will be dismissed for want of prosecution per
Texas Rule of Appellate Procedure 42.3(b).

 Per Curiam

 


 

 



acial constitutionality of the statute under
which he was convicted. The core of appellant's challenge is that "the Texas statutory
scheme does not require that an individual be given any type of notice of the duty to report
to register, or any type of warning, before a criminal prosecution for failure to register is
authorized." He also notes the indictment did not allege that he had been given any
warning of the necessity of reporting or registering.

 The authority on which appellant places primary reliance is Lambert v. California,
355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957), which involved a city ordinance
requiring anyone convicted of a felony to report to the police within five days of taking up
residence in the city. Before considering application of the holding in Lambert to the
present case, we must determine if appellant's complaints are properly before us.

 Appellant does not dispute that he had actual knowledge of his duty to register and
to verify his registration information quarterly. Nor does he deny that he did not raise any
constitutional challenge to the statute in the trial court. Consequently, the initial issues we
must consider are whether his failure to raise that issue in the court below waived his
complaint and whether he may raise a facial challenge to the statute. 

 The State initially argues that appellate review of a statute's constitutionality as
applied must be raised in the trial court. See Curry v. State, 910 S.W.2d 490, 496
(Tex.Crim.App. 1995). This is a correct statement of the law, but has no application here
because appellant's challenge is to the facial validity of the statute, a claim which may be
raised for the first time on appeal. See Marin v. State, 851 S.W.2d 275, 279
(Tex.Crim.App. 1993); Marbut v. State, 76 S.W.3d 742, 749 (Tex.App.--Waco 2001, pet.
ref'd). Appellant did not waive his challenge to the facial validity of article 62.09 by failing
to present that challenge to the trial court.

 However, the fact that appellant could make no complaint that the statute is
unconstitutionally vague as to him precludes his facial validity challenge. In Village of
Hoffman Estates v. The Flipside, Hoffman Estates Inc., 455 U.S. 489, 102 S.Ct. 1186, 71
L.Ed.2d 362 (1982), the Court noted that "one to whose conduct a statute clearly applies
may not successfully challenge it for vagueness." 455 U.S. at 495 (n.7). Here, the
evidence shows that appellant had actual knowledge of his duty to verify his registration
information. It also shows that under Chapter 62, he would have been informed of his
obligations under that chapter on his release from prison. See Tex. Code Crim. Proc. art.
62.03(a)(1) (Vernon Pamph. 2003). Moreover, appellant's knowledge and failure to object
at trial distinguish the facts before us from those presented in Lambert, supra. 

 We overrule both of appellant's issues on appeal and affirm the judgment of the trial
court.


 John T. Boyd

 Senior Justice


Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. All statutory references shall be to the Code of Criminal Procedure unless otherwise
noted.