NO. 07-02-0183-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 3, 2003



______________________________




JOSEPH MICHAEL STERLING, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 185TH DISTRICT COURT OF HARRIS COUNTY;



NO. 886600; HONORABLE SUSAN BROWN, JUDGE



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant was convicted of failing to register as a sex offender as required by
Chapter 62 of the Code of Criminal Procedure. His only complaints on appeal are that the
statute is so vague as to render it void under the Texas and Federal Constitutions. Finding
no merit in appellant's complaints, we affirm.

 The relevant facts are undisputed. Appellant was convicted of sexual assault and
aggravated sexual assault in 1987. The record suggests that appellant's probation was
revoked on at least two occasions and he was ultimately released from prison in 1999. By
virtue of his convictions, appellant was required to register as a sex offender on his release
by article 62.02(a) of the Code of Criminal Procedure (2) (Vernon Pamph. 2003). Because
appellant had two reportable convictions, he was also subject to the provisions of article
62.06, which required him to "report to the . . . local law enforcement agency . . . not less
than once in each 90 day period . . . to verify the information in the registration form." Id.

 Appellant registered with the Houston Police Department in 1999 and verified his
information as correct each 90 days through January 2001. Appellant failed to report in
April 2001. Officers of the Sex Offender Compliance Unit of the Houston Police
Department investigated appellant's failure to report by confirming that he no longer lived
at his registered address and had not registered with another agency. He was indicted for
failure to comply with sex offender registration requirements on October 18, 2001. See 
art. 62.10(a).

 Over his plea of not guilty, appellant was convicted by a jury and punishment was
assessed by the jury at 27 years confinement in the Institutional Division of the Texas
Department of Criminal Justice. Appellant does not challenge the sufficiency of the
evidence supporting his conviction, only the facial constitutionality of the statute under
which he was convicted. The core of appellant's challenge is that "the Texas statutory
scheme does not require that an individual be given any type of notice of the duty to report
to register, or any type of warning, before a criminal prosecution for failure to register is
authorized." He also notes the indictment did not allege that he had been given any
warning of the necessity of reporting or registering.

 The authority on which appellant places primary reliance is Lambert v. California,
355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957), which involved a city ordinance
requiring anyone convicted of a felony to report to the police within five days of taking up
residence in the city. Before considering application of the holding in Lambert to the
present case, we must determine if appellant's complaints are properly before us.

 Appellant does not dispute that he had actual knowledge of his duty to register and
to verify his registration information quarterly. Nor does he deny that he did not raise any
constitutional challenge to the statute in the trial court. Consequently, the initial issues we
must consider are whether his failure to raise that issue in the court below waived his
complaint and whether he may raise a facial challenge to the statute. 

 The State initially argues that appellate review of a statute's constitutionality as
applied must be raised in the trial court. See Curry v. State, 910 S.W.2d 490, 496
(Tex.Crim.App. 1995). This is a correct statement of the law, but has no application here
because appellant's challenge is to the facial validity of the statute, a claim which may be
raised for the first time on appeal. See Marin v. State, 851 S.W.2d 275, 279
(Tex.Crim.App. 1993); Marbut v. State, 76 S.W.3d 742, 749 (Tex.App.--Waco 2001, pet.
ref'd). Appellant did not waive his challenge to the facial validity of article 62.09 by failing
to present that challenge to the trial court.

 However, the fact that appellant could make no complaint that the statute is
unconstitutionally vague as to him precludes his facial validity challenge. In Village of
Hoffman Estates v. The Flipside, Hoffman Estates Inc., 455 U.S. 489, 102 S.Ct. 1186, 71
L.Ed.2d 362 (1982), the Court noted that "one to whose conduct a statute clearly applies
may not successfully challenge it for vagueness." 455 U.S. at 495 (n.7). Here, the
evidence shows that appellant had actual knowledge of his duty to verify his registration
information. It also shows that under Chapter 62, he would have been informed of his
obligations under that chapter on his release from prison. See Tex. Code Crim. Proc. art.
62.03(a)(1) (Vernon Pamph. 2003). Moreover, appellant's knowledge and failure to object
at trial distinguish the facts before us from those presented in Lambert, supra. 

 We overrule both of appellant's issues on appeal and affirm the judgment of the trial
court.


 John T. Boyd

 Senior Justice


Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. All statutory references shall be to the Code of Criminal Procedure unless otherwise
noted.