NO. 07-02-0183-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 3, 2003

_____

JOSEPH MICHAEL STERLING, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 185TH DISTRICT COURT OF HARRIS COUNTY;

NO. 886600; HONORABLE SUSAN BROWN, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant was convicted of failing to register as a sex offender as required by Chapter 62 of the Code of Criminal Procedure. His only complaints on appeal are that the statute is so vague as to render it void under the Texas and Federal Constitutions. Finding no merit in appellant's complaints, we affirm.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

The relevant facts are undisputed. Appellant was convicted of sexual assault and aggravated sexual assault in 1987. The record suggests that appellant's probation was revoked on at least two occasions and he was ultimately released from prison in 1999. By virtue of his convictions, appellant was required to register as a sex offender on his release by article 62.02(a) of the Code of Criminal Procedure[2] (Vernon Pamph. 2003). Because appellant had two reportable convictions, he was also subject to the provisions of article 62.06, which required him to "report to the . . . local law enforcement agency . . . not less than once in each 90 day period . . . to verify the information in the registration form." *Id.*

Appellant registered with the Houston Police Department in 1999 and verified his information as correct each 90 days through January 2001. Appellant failed to report in April 2001. Officers of the Sex Offender Compliance Unit of the Houston Police Department investigated appellant's failure to report by confirming that he no longer lived at his registered address and had not registered with another agency. He was indicted for failure to comply with sex offender registration requirements on October 18, 2001. *See* art. 62.10(a).

Over his plea of not guilty, appellant was convicted by a jury and punishment was assessed by the jury at 27 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant does not challenge the sufficiency of the evidence supporting his conviction, only the facial constitutionality of the statute under

---

[2]All statutory references shall be to the Code of Criminal Procedure unless otherwise noted.

2

which he was convicted. The core of appellant's challenge is that "the Texas statutory scheme does not require that an individual be given any type of notice of the duty to report to register, or any type of warning, before a criminal prosecution for failure to register is authorized." He also notes the indictment did not allege that he had been given any warning of the necessity of reporting or registering.

The authority on which appellant places primary reliance is *Lambert v. California*, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957), which involved a city ordinance requiring anyone convicted of a felony to report to the police within five days of taking up residence in the city. Before considering application of the holding in *Lambert* to the present case, we must determine if appellant's complaints are properly before us.

Appellant does not dispute that he had actual knowledge of his duty to register and to verify his registration information quarterly. Nor does he deny that he did not raise any constitutional challenge to the statute in the trial court. Consequently, the initial issues we must consider are whether his failure to raise that issue in the court below waived his complaint and whether he may raise a facial challenge to the statute.

The State initially argues that appellate review of a statute's constitutionality as applied must be raised in the trial court. *See Curry v. State*, 910 S.W.2d 490, 496 (Tex.Crim.App. 1995). This is a correct statement of the law, but has no application here because appellant's challenge is to the facial validity of the statute, a claim which may be raised for the first time on appeal. *See Marin v. State*, 851 S.W.2d 275, 279

3

(Tex.Crim.App. 1993); *Marbut v. State,* 76 S.W.3d 742, 749 (Tex.App.--Waco 2001, pet. ref'd). Appellant did not waive his challenge to the facial validity of article 62.09 by failing to present that challenge to the trial court.

However, the fact that appellant could make no complaint that the statute is unconstitutionally vague as to him precludes his facial validity challenge. In *Village of Hoffman Estates v. The Flipside, Hoffman Estates Inc.*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982), the Court noted that "one to whose conduct a statute clearly applies may not successfully challenge it for vagueness." 455 U.S. at 495 (n.7). Here, the evidence shows that appellant had actual knowledge of his duty to verify his registration information. It also shows that under Chapter 62, he would have been informed of his obligations under that chapter on his release from prison. *See* Tex. Code Crim. Proc. art. 62.03(a)(1) (Vernon Pamph. 2003). Moreover, appellant's knowledge and failure to object at trial distinguish the facts before us from those presented in *Lambert, supra*.

We overrule both of appellant's issues on appeal and affirm the judgment of the trial court.

John T. Boyd
Senior Justice

Do not publish.