In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-177 CR


____________________



ELMER GREGORY LOWE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 75,483






MEMORANDUM OPINION


 Elmer Gregory Lowe pleaded guilty to delivery of a controlled substance pursuant to
an agreement on punishment recommendation for deferred adjudication, a fine of $1,000 and
community supervision for seven years. The State moved to adjudicate guilt. The trial court
judged Lowe guilty and sentenced him to fifteen years' imprisonment in the Texas
Department of Criminal Justice, Institutional Division. From that judgment, Lowe brings this
appeal.

 "[A]n appellant whose deferred adjudication probation has been revoked and who has
been adjudicated guilty of the original charge, may not raise on appeal contentions of error
in the adjudication of guilt process." Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim.
App. 1999). In an attempt to meet the "void judgment exception" to the rule, Lowe asserts
the judgment is void because the trial court abused its discretion by sua sponte accepting the
appointment of an attorney pro tem who lacked authority to act. See Nix v. State, 65 S.W.3d
664, 668 (Tex. Crim. App. 2001). However, the error Lowe alleges is not one that could
render the original judgment void. Id. In fact, such an error can be waived. See Marbut v.
State, 76 S.W.3d 742, 750 (Tex. App.--Waco 2002, pet. ref'd); Stephens v. State, 978 S.W.2d
728, 731 (Tex. App.--Austin 1998, pet. ref'd). We therefore find Lowe has failed to raise a
cognizable issue on appeal. The judgment of the trial court is AFFIRMED.

 PER CURIAM

 

Submitted on January 26, 2005 

Opinion Delivered February 2, 2005

Do not publish


Before McKeithen, C.J., Kreger, and Gaultney, JJ.