MEMORANDUM OPINION

No. 04-03-00786-CR

Ronald Neil PENN,
Appellant

v.

The STATE of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas 
Trial Court No. 2000-CR-6265
Honorable Mary Román, Judge Presiding
 
Opinion by:    Sarah B. Duncan, Justice
 
Sitting:            Alma L. López, Chief Justice
Sarah B. Duncan, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   February 9, 2005

MOTION TO WITHDRAW GRANTED; AFFIRMED
            Ronald Neil Penn pleaded no contest to a charge of aggravated assault with a deadly weapon
in exchange for the State’s recommendation that adjudication be deferred. The State made no
recommendation of a prison term should Penn later be adjudicated guilty. Pursuant to the plea
agreement, the trial court deferred adjudication and placed Penn on community supervision for a
period of seven years. In considering the State’s subsequent motion to adjudicate guilt, the trial court
found Penn violated the conditions of his community supervision by committing the offense of
assault on a public servant, revoked Penn’s community supervision, adjudicated him guilty, and
sentenced him to ten years confinement. Penn timely filed a notice of appeal. 
            Penn’s court-appointed appellate attorney filed a motion to withdraw and a brief in which
she raises three arguable points of error but nonetheless concludes this appeal is frivolous and
without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), and Gainous v. State, 436 S.W.2d 137 (Tex. Crim.
App. 1969). Penn was provided a copy of the brief and motion to withdraw and informed of his right
to review the record and file his own brief. Penn has not filed a pro se brief. 
            Counsel first contends it is arguable the trial court erred by failing to conduct a competency
inquiry. See Tex. Code Crim. Proc. Ann. art. 46.02 §2, repealed by Act of April 30, 2003, 78th
Leg., R.S., ch. 35, § 15, 2003 Tex. Gen. Laws 57, 72 (current version at Tex. Code Crim. Proc.
Ann. art. 46B.004 (Vernon Supp. 2004)).


 The trial court is required to conduct a preliminary
competency inquiry if “evidence is presented that raises a bona fide doubt in the judge’s mind
regarding the defendant’s ‘present ability to consult with [his] lawyer with a reasonable degree of
rational understanding’ or his ‘rational as well as factual understanding of the proceedings against
him.’” McDaniel v. State, 98 S.W.3d 704, 706 (Tex. Crim. App. 2003) (quoting former Tex. Code
Crim. Proc. Ann. art. 46.02 §1A (a) (repealed 2003) (current version at Tex. Code Crim. Proc.
Ann. art. 46B.003(a) (Vernon Supp. 2004)) (defining incompetency to stand trial). 
            In support of her argument, counsel points to evidence in the record establishing that Penn
has a history of mental problems. Indeed, when Penn was originally placed on probation, the trial
court ordered him to obtain psychiatric treatment and be supervised by the mental health unit of the
probation department. Over a year before the incident that formed the basis of the State’s motion to
revoke, a probation report stated that Penn has been diagnosed with Posttraumatic Stress Disorder,
Major Depressive Disorder, and Antisocial Personality and took thirty-seven different medications.
During the revocation hearing, Penn testified that, on the day he was charged with assaulting a public
servant (over three months before the revocation hearing), he was “hearing voices” and had gone to
the Veterans Administration Hospital to get some medicine. However, evidence of mental illness
alone is not sufficient to trigger a competency inquiry. Moore v. State, 999 S.W.2d 385, 395 (Tex.
Crim. App. 1999), cert. denied, 530 U.S. 1216 (2000). Rather, the question is whether there is
evidence indicating that a mental condition prevents the defendant from “consulting with counsel
or understanding the proceedings against him.” Id.; see also Marbut v. State, 76 S.W.3d 742, 748
(Tex. App.–Waco 2002, pet. ref’d). 
            The record in this case does not raise an issue of competence. Trial counsel did not move for
a competency inquiry or give any indication at the revocation hearing that he had any difficulty
conferring with Penn. Further, counsel affirmatively told the court there was no legal reason that
punishment could not be imposed. Penn’s competence was also evidenced by his testimony at the
revocation hearing – it was coherent and articulate, demonstrated that he understood the questions
and responded logically, and recounted his version of the events in his own words. It is also clear he
understood the charges against him. For example, he distinguished between admitted inappropriate,
but legal, conduct (“cussing out” a police officer) and the illegal conduct he denied committing
(kicking and hitting police officers). Moreover, Penn sufficiently understood the charges against him
to articulate a defense and present an arguable motive for the officers to lie. He testified that, while
he was being questioned, one of the officers used force on him and injured Penn’s knee. After Penn
complained about his injury, the officers seemed worried; indeed, one of the officers later claimed
that Penn had kicked him. Penn testified he believes they decided to falsely claim that Penn had
assaulted them “to cover their butts because of that injury they put on my knee.” Under these facts,
the trial court was not obligated to conduct a competency inquiry. See McDaniel, 98 S.W.3d at 704.
Accordingly, we agree with counsel the point is frivolous.
            In her second and third arguable points, counsel contends Penn received ineffective assistance
of counsel because his trial attorney failed to request a competency hearing or raise the defense of
insanity. The record is silent as to why counsel did not pursue these matters. Penn thus cannot
establish that his counsel’s performance fell below an objective standard of reasonableness. See
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that a
successful ineffective assistance of counsel claim requires appellant to show that counsel’s
performance fell below an objective standard of reasonableness and that, but for counsel’s errors,
the result of the proceeding would have been different); Rylander v. State, 101 S.W.3d 107, 110-11
(Tex. Crim. App. 2003)(holding that when the “record is silent as to why appellant’s trial counsel
took or failed to take the actions,” the court “cannot conclude that appellant has established that trial
counsel’s performance fell below an objective standard of reasonableness”). We therefore agree with
appointed appellate counsel that the ineffective assistance of counsel points are frivolous.
            We have reviewed the record and counsel’s brief and agree the appeal is frivolous and
without merit. We therefore grant the motion to withdraw filed by Penn’s counsel and affirm the trial
court’s judgment . See Nichols v. State, 954 S.W.2d 83, 86 (Tex. App.–San Antonio 1997, no pet.);
Bruns v. State, 924 S.W.2d 176, 177 n.1 (Tex. App.–San Antonio 1996, no pet.).
 
Sarah B. Duncan, Justice

Do not publish