Opinion filed July 20, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed July 20, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00152-CR 

                                                    __________

 

                                 JENNIFER
LYNN JONES, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 29th District Court

                                                      Palo
Pinto County, Texas

                                                   Trial
Court Cause No. 12,532



 

                                                                   O
P I N I O N

 

The jury convicted Jennifer Lynn Jones, upon her
plea of guilty, of murder and assessed her punishment at forty-eight years
confinement in the Institutional Division of the Texas Department of Criminal
Justice and a $5,000 fine.  We affirm.

                                                                  Issue
on Appeal








Appellant raises one point of error.  She asserts that the trial court erred as a
matter of law by proceeding to trial without proper disqualification of the
elected district attorney and proper appointment of attorney pro tem for the
State.  Appellant argues that, because
the district attorney did not file a motion and the trial court did not enter
orders finding cause for the district attorney=s
disqualification or appointing an attorney pro tem for the State, the attorney
pro tem was not authorized to act on behalf of the State.  Further, appellant argues that there is no
record of the attorney pro tem=s
oath of office and, therefore, that the State did not have authority to proceed
on appellant=s
indictment.  Appellant did not object at
trial to the attorney pro tem prosecuting her case.  She must, therefore, establish that the
attorney pro tem=s
appointment was void to prevail on appeal.

                                                               Background
Facts

The elected district attorney, Tim Ford,
disqualified himself and his staff due to a family relationship with
appellant.  The trial court appointed
Mike Burns to act as district attorney pro tem. The trial court made this
announcement in open court to the jury before beginning voir dire.  A notation on the trial court=s docket sheet reflects that Mike Burns
was the attorney for the State. There are no other references in the record to
the disqualification of the elected district attorney and the appointment of
the attorney pro tem.

                                                                  Applicable
Law

An Aattorney
pro tem@ is
appointed by the trial court pursuant to Tex.
Code Crim. Proc. Ann. art. 2.07 (Vernon 2005).  The appointee assumes the duties of the
elected district attorney after taking the required constitutional oath of
office.  Stephens v. State, 978
S.W.2d 728, 731 (Tex. App.CAustin
1998, pet. ref=d).  A judge may appoint any competent attorney to
perform the duties of the office of the district attorney in cases where the
attorney for the State is disqualified or where there is not an attorney for
the State. Article 2.07(a).  Also, an
attorney for the State may request the trial court to permit him to recuse
himself in a case for good cause. 
Article 2.07(b-1).

                                        Elected
District Attorney and Attorney Pro Tem

Unless the appellate record indicates that the
attorney pro tem was not properly appointed, it is presumed that he was.  Eppes v. State, 10 Tex. 474 (1853); Evans
v. State, 769 S.W.2d 319 (Tex.  App.CDallas 1989, no writ).  Appellant complains that there is no motion
or order disqualifying the elected district attorney or written oath of office
for the attorney pro tem.  We note that
Article 2.07 does not require a written motion or order.

Moreover, appellant did not request the inclusion
of these documents in the clerk=s
record.  They are not automatically
required.  See Tex. R. App. P. 34.5; Evans, 769
S.W.2d at 322.  Because appellant carries
the burden on appeal, in the absence of a request for any written oath or
contradicting support in the record, we presume the attorney pro tem was duly
and legally appointed.  Id.








                                                      Was
Error, if Any, Preserved?

Alternatively, if the trial court erred, that
error has not been preserved for our review. 
Appellant was aware of the trial court=s
appointment of the attorney pro tem.  All
documents filed on behalf of the State in this cause were filed by the attorney
pro tem.  All of appellant=s motions contained service on the
attorney pro tem.  At no time during the
trial did appellant object to the authority of the attorney pro tem to prosecute
the case.

Appellant=s
rights arise from Article 2.07.  The
Court of Criminal Appeals has held that rules 
fall into one of three categories: 
(1) absolute requirements and prohibitions; (2) rights which must be
implemented by the system unless expressly waived; and (3) rights which are
implemented only upon request and, therefore, can be forfeited.  Marin v. State, 851 S.W.2d 275, 279
(Tex. Crim. App. 1993) (en banc).  The
procedures for appointing an attorney pro tem in Article 2.07 fall into the
third category.  Modica v. State,
151 S.W.3d 716, 721 (Tex. App.CBeaumont
2004, pet. ref=d); Marbut
v. State, 76 S.W.3d 742, 750 (Tex. App.CWaco
2002, pet. ref=d).  Appellant=s
right to have a duly appointed prosecutor does not concern the jurisdiction of
the trial court or the constitutionality of a statute, and it is not so
fundamental that it cannot be forfeited. 
Id.  Appellant=s failure to object waived any
error.  Stephens, 978 S.W.2d at
730.

Appellant tries to distinguish her case from Modica
and Marbut.  She argues that  those cases only deal with the failure of the
attorney pro tem to take the oath of office and not the failure to disqualify
the elected district attorney or to appoint an attorney pro tem by a written
order.  However, these cases are not
distinguishable.  All the procedures
required in Article 2.07 are forfeited if not objected to at trial.  See Modica, 151 S.W.3d at 721; Marbut,
76 S.W.3d at 750; Stephens, 978 S.W.2d at 730.  We overrule appellant=s
point of error.

The judgment of the trial court is affirmed. 

 

July 20,
2006                                                                           RICK
STRANGE

Do not
publish.  See Tex. R. App. P. 47.2(b).                         JUSTICE

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.