

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00156-CR

REGINALD FRITZ BELL                                                         APPELLANT

V.

THE STATE OF TEXAS                                                               STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1319218D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Reginald Fritz Bell appeals the trial court's judgment adjudicating him guilty of indecency with a child and sentencing him to fifteen years' confinement. *See* Tex. Penal Code Ann. § 21.11 (West 2011). In one point, Bell argues that the trial court reversibly erred by allowing a law-student intern from the district attorney's office to question two witnesses and make closing

---

[1]*See* Tex. R. App. P. 47.4.

arguments during the punishment hearing that followed the trial court's adjudication of guilt. We will affirm.

The facts of this case are not in dispute. And Bell does not dispute that he pleaded "true" to each of the State's alleged violations in its petition to proceed to adjudication. Bell also does not challenge the trial court's having adjudicated him guilty based upon his pleas. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979) (holding that a defendant's plea of true to any of the State's alleged violations, standing alone, is sufficient to support a trial court's revocation of community supervision). Rather, Bell argues that Phillip Hall, an apparent law student and intern at the district attorney's office who purportedly sat "second chair" to Tarrant County Assistant District Attorney Erin W. Cofer during the adjudication proceedings below, should not have been allowed to question witnesses nor make closing arguments without the trial court first having found that Hall was a "qualified law student" in accordance with the Supreme Court of Texas's promulgated rules that govern when a law student may participate in court proceedings. *See* Tex. Gov't Code Ann. § 81.102(b)(3) (West 2013) (stating that the supreme court may promulgate rules that govern and allow law students to practice law). The State argues that because Bell did not object at trial to Hall's participation, Bell has failed to preserve this alleged error for our review. We agree with the State.

As a general rule, to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states

the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). Here, Bell did not object in the trial court that Hall was not a "qualified law student." Therefore, Bell failed to preserve this alleged error for our review, and we overrule his sole issue. *See Marbut v. State*, 76 S.W.3d 742, 750 (Tex. App.—Waco 2002, pet. ref'd) (holding that defendant forfeited appellate review of alleged procedural violations in appointing an attorney pro tem by failing to object in the trial court).

Having overruled Bell's sole issue on appeal, we affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 16, 2015

3