In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00190-CR
_____

NATHAN GRIDER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 88th District Court
Hardin County, Texas
Trial Cause No. 23877

**MEMORANDUM OPINION**

In a single issue, Nathan Grider asks the Court to reverse the trial court's judgment because the trial court refused to dismiss Grider's indictment after Rebecca Walton, Hardin County's elected County Attorney, stepped in for the prosecutor in lieu of David Sheffield, the County's elected DA. Because a county attorney's duties include representing the State in district court either on the request of the DA or

1

in the DA's absence, the trial court did not err in denying Grider's motion to dismiss his indictment. For the reasons explained below, we will affirm.

Background

In July 2016, the grand jury indicted Nathan Grider for deadly conduct under an indictment that alleged Grider knowingly discharged a firearm toward a habitation while acting recklessly as to whether the habitation was occupied.[1] In December 2017, Hardin County's DA, by motion, asked the trial court to appoint a special prosecutor to prosecute Grider in the case after a conflict of interest had arisen in the DA's office because a witness the State intended to call in the trial was being prosecuted by the DA's office on felony charges in another case that was pending in the 88th District Court. The trial court, however, never ruled on the DA's motion. The record contains neither an order recusing the DA and replacing the DA with an attorney pro tem, nor an order authorizing a special prosecutor to assist the DA in discharging that offices duties of prosecuting Grider on behalf of the State.

---

[1]Tex. Penal Code Ann. § 22.05(b). The offense is a third-degree felony.

2

Even though the trial court never ruled on the DA's motion, the appellate record shows that by October 2018, when Grider signed a plea agreement and agreed to plead guilty, Rebecca Walton was appearing for the State in Grider's case despite the fact the trial court never signed an order substituting her as counsel of record in place of the DA. Around a year after Grider signed the plea agreement, his attorney moved to dismiss Grider's indictment. In the motion, Grider argued the DA's request to appoint a special prosecutor immediately disqualified any attorney subject to the control of the DA from prosecuting him on behalf of the State. According to Grider, the trial court should have recognized that it needed to appoint an attorney pro tem after the DA filed his motion asking the trial court to appoint a special prosecutor even though the DA had not asked the court to appoint an attorney pro tem. Grider claims that since the DA's motion claims a conflict existed in his office in both prosecuting Grider and in prosecuting a witness it intended to call against Grider when his case was tried, the trial court needed to appoint an attorney pro tem.[2] But Grider didn't obtain a hearing on his motion to

---

[2]*Compare* Tex. Code Crim. Proc. Ann. art. 2.07 (the rules of procedure governing the appointment of attorneys pro tem), *with id.* art.

dismiss his indictment until August 2020. When the trial court heard Grider's motion, the motion to dismiss the indictment was denied. Grider didn't present any evidence in the hearing to support his motion. The trial court also didn't explain why it found Grider's motion to dismiss was without merit. After the trial court ruled on Grider's motion, it announced the court would hear Grider's plea. After considering the evidence relevant to Grider's plea and Grider's plea agreement, the trial court deferred adjudicating Grider's guilt and signed an order placing Grider on community supervision for ten years.[3]

Analysis

Grider complains that the trial court abused its discretion by denying his motion to dismiss his indictment. According to Grider, the conflict of interest the DA raised in his motion to appoint a special prosecutor required the trial court to appoint an attorney pro tem to replace the DA and prosecute him in place of the DA. As we understand Grider's argument, Walton could not prosecute him as a special

27.08 (the rules of procedure governing the appointment of special prosecutors).

[3]The trial court granted Grider the right to file an appeal from its ruling on his motion to dismiss his indictment.

prosecutor at the DA's request because doing so created the same conflict the DA had already raised in his motion since special prosecutors, when appointed under Texas law, remain subject to the control of the DA.

Under Texas Law, "[e]ach district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals" from those cases.[4] Yet there may be occasions when a district attorney is legally disqualified from representing the State.[5] When district attorneys are not legally disqualified, they may request the district court where the case is filed to permit their recusal for good cause.[6] This procedure allows district attorneys who have conflicts to avoid them and to avoid the appearance of impropriety by sometimes declining to participate on occasion in a case.[7] When the trial court approves the DA's request to recuse for good cause (but not before), the district attorney's office is deemed "disqualified."[8]

---

[4]*Id.* art. 2.01; *Coleman v. State*, 246 S.W.3d 76, 81 (Tex. Crim. App. 2008).

[5]Tex. Code Crim. Proc. Ann. art. 2.08; *Coleman,* 246 S.W.3d at 81.

[6]*Coleman*, 246 S.W.3d at 81.

[7]*Id.*

[8]Tex. Code Crim. Proc. Ann. art. 2.07(b-1); *Coleman*, 246 S.W.3d at 81.

Article 2.07 of the Code of Criminal Procedure addresses when a trial court may appoint an attorney to perform the duties of the prosecutor on behalf of the State.[9] The attorney appointed under article 2.07 is called an "attorney pro tem."[10] Article 2.07(a) provides that the appointment of an attorney pro tem may arise "whenever an attorney for the state is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable to perform the duties of the attorney's office, or in any instance where there is no attorney for the state[.]"[11] As outlined in article 2.07, the trial court is authorized to "appoint, from any county or district, an attorney for the state or may appoint an assistant attorney general to perform the duties of the office during the absence or disqualification of the attorney for the state."[12] An attorney pro tem steps into the role of the district or county attorney with all of that position's functions and responsibilities.[13]

---

[9]Tex. Code Crim. Proc. Ann. art. 2.07.
[10]*Coleman*, 246 S.W.3d at 82; *Marbut v. State*, 76 S.W.3d 742, 748 (Tex. App.—Waco 2002, pet. ref'd).
[11]Tex. Code Crim. Proc. Ann. art. 2.07(a).
[12]*Id.*
[13]*State v. Rosenbaum*, 852 S.W.2d 525, 529 (Tex. Crim. App. 1993) (Clinton, J., concurring).

6

Compared with an attorney pro tem, a special prosecutor, "with the consent of the district attorney, assists the district attorney in the investigation and prosecution of a particular case, but the district attorney is responsible for the prosecution, control, and management of the case."[14] The special prosecutor doesn't need to be appointed by the trial court or take a constitutional oath of office when he or she acts with the permission of the district attorney.[15] The district attorney doesn't need to be absent, disqualified, or recused, or otherwise unable to perform, and the trial court doesn't need to approve his or her appointment.[16]

The prosecutor in this case asked the trial court to appoint a special prosecutor given the conflict in both prosecuting Grider on the one hand and a witness it intended to call if Grider's case went to trial, which as we understand the DA's motion is the conflict the DA perceived. Yet the motion the DA filed was never heard, the record does not show the DA obtained a hearing on the motion, and the motion was never ruled on by

---

[14]*See id.*; *Stephens v. State*, 978 S.W.2d 728, 731 (Tex. App.—Austin 1998, pet. ref'd).
[15]*Stephens*, 978 S.W.2d at 731.
[16]*Id.*

the court. Perhaps the conflict the DA feared was resolved by some change in circumstances, such as Grider's guilty plea, a plea by the witness in the other case, or other circumstances none of which Grider presented evidence to describe. Simply put, the record currently before us fails to show much about the nature of the conflict either when the DA filed the motion, when Grider entered a plea agreement, or when the trial court accepted Grider's plea and enforced the plea agreement he made with the prosecutor representing the State, Rebecca Walton. Consequently, on this record we can't say that Grider met his burden to prove the trial court abused its discretion in denying his motion to dismiss.

Besides Grider's failure to meet his burden of proof, the trial court did not need to appoint an attorney pro tem or a special prosecutor before allowing Walton, as Hardin County's Attorney, to prosecute the case against Grider in the 88th District Court. Article 2.02 of the Code of Criminal Procedure defines a county attorney's duties.[17] A county attorney represents the State in all criminal cases under examination or prosecution in their "said county," aids the district attorney when

---

[17]*See* Tex. Code Crim. Proc. Ann. art. 2.02.

8

requested in the prosecution of any case on behalf of the State in district court, and represents the State alone "in the absence of the district attorney."[18] Here, perhaps the DA chose to be absent due to the conflict his office identified in the motion he filed more than three years before the trial court heard and then denied Grider's motion to dismiss. Or perhaps Walton appeared and began representing the State around October 2018, over a year and half after the DA filed the motion because the DA was absent and attending to other matters, so Walton having represented the State in negotiating the plea agreement then continued to represent the State because she was the attorney who was familiar with the negotiations that led to Grider's plea. Regardless of why the DA chose to be absent in Grider's case, article 2.02 authorized Walton as the elected County Attorney to prosecute Grider because Grider failed to meet his burden of proof to demonstrate why the County Attorney was either disqualified due to a purported conflict or unauthorized to represent the State.[19]

---

[18]*Id.*
[19]*Id.*

9

Because Grider failed to meet his burden of proof, we overrule Grider's sole issue.

Conclusion

Having considered the record and determined that Grider failed to establish an abuse of discretion occurred, the trial court's judgment is AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on March 23, 2022
Opinion Delivered November 2, 2022
Do Not Publish

Before Kreger, Horton and Johnson, JJ.