**Sedric SANDERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–95–00299–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 3, 1997.

Greg Glass, Michael B. Charlton, Houston, for appellant.

Fred Stuart Wilson, Houston, for appellee.

Before ROSS A. SEARS, CANNON and DRAUGHN,[1] JJ.

**OPINION**

ROSS A. SEARS, Justice, (Assigned).

Sedric Sanders appeals his adjudication of guilt following a deferred adjudication. On November 8, 1993, appellant pleaded guilty to possession of cocaine, less than 28 grams, pursuant to a negotiated plea bargain for deferred adjudication and six years probation. The trial court followed the state's recommendation and entered an order deferring adjudication of guilt and placed appellant on probation for six years. Thereafter, on August 3, 1994, the state filed a motion to adjudicate appellant's guilt for a new violation of possession of cocaine with the intent to deliver. The motion to adjudicate the

---

**1.** The panel consists of visiting justices sitting by assignment.

guilt of appellant was carried with the jury trial in the new case for possession with intent to deliver. The jury acquitted appellant in the new case. The court then proceeded with the state's motion to adjudicate appellant's guilt based on the evidence presented at trial. The trial court found that appellant did possess a controlled substance in violation of the conditions of his probation and entered an adjudication of guilt, revoked appellant's probation, and assessed his punishment at three years imprisonment. In two points of error, appellant contends this case should be reversed because: (1) his plea of guilty in the original possession case was involuntary because the trial court failed to admonish appellant of the consequences of violating a condition of deferred adjudication pursuant to section 5(a), article 42.12, Texas Code of Criminal Procedure and, (2) the trial court erred in adjudicating appellant's guilt because the evidence utilized against appellant in the trial of the second offense was illegally seized. We affirm.

■ In point of error one, appellant contends the trial court did not admonish him of the consequences of violating a condition of deferred adjudication which is mandatory under section 5(a), article 42.12, Texas Code of Criminal Procedure. He argues that by failing to admonish him of the consequences, including no right to appeal from a determination of guilt, his guilty plea was rendered involuntary.

At the time of the commission of this offense, November 6, 1993, section 5, article 42.12, Texas Code of Criminal Procedure, provided, in pertinent part:

(a) ... [T]he judge may, *after* receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision. The judge shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision. If the information is provided orally, the judge must record and maintain the judge's

statement to the defendant (emphasis added).

\* \* \* \* \* \*

(b) On violation of a condition of community supervision imposed under subsection (a) of this section, the defendant may be arrested and detained ... The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

Appellant claims on appeal that article 42.12, § 5(a), Texas Code of Criminal Procedure, requires that the defendant must be admonished of the consequences of deferred adjudication *before* he entered his plea of guilty to the original offense for which he received the deferred adjudication. In determining whether a plea is voluntary, the appellate courts must look at the facts and circumstances, and acts or omissions, *prior* to entering the plea. *See Ray v. State,* 919 S.W.2d 125, 126–27 (Tex.Crim.App.1996); *McNew v. State,* 608 S.W.2d 166, 177 (Tex. Crim.App.1978) (opinion on reh'g).

In *Fitzroy George Brown v. State,* 943 S.W.2d 35 (Tex.Crim.App.1997), *motion for reh'g granted,* the court of criminal appeals has now held that a defendant "who receives deferred adjudication as part of a plea agreement may raise an involuntariness claim based upon the trial judge's failure to give the required information" [the section 5(b) consequences of deferred adjudication]. *Brown,* at 42. A "defendant should be required to show that he would not have entered his plea had he been given the required information." *Id.,* at 42.

In 1995, article 42.12, § 5(a) was amended [effective January 1, 1996] to include that a judge's failure to give the information "is not a ground for reversal unless the defendant

shows that he was harmed by the failure of the judge to provide the information." Appellant has not alleged or proven harm in this case. Appellant pleaded guilty for six years deferred adjudication, and he was subsequently adjudicated guilty and sentenced to three years. Therefore, he has failed to meet the requirements of an involuntariness claim under article 42.12, § 5, Texas Code of Criminal Procedure, and *Brown,* at 43. We overrule appellant's point of error one.

In point of error two, appellant contends the trial court erred in adjudicating appellant's guilt in the first offense because the evidence utilized against appellant in the trial of the second offense was illegally seized. Appellant claims TEX. CONST. art. I, § 13, requiring all courts to be open, applies and the legislative denial of appeal from the adjudication of guilt in section 5, article 42.12, Texas Code of Criminal Procedure, is unconstitutional. The case law indicates that the prohibition against a direct appeal of the determination to adjudicate is total. *Phynes v. State,* 828 S.W.2d 1, 1–2 (Tex.Crim.App. 1992); *Olowosuko v. State,* 826 S.W.2d 940, 942 (Tex.Crim.App.1992); *Kendall v. State,* 929 S.W.2d 509, 510 (Tex.App.—Fort Worth 1996, no pet.) (appeal claiming TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) violates due process dismissed for want of jurisdiction). Consequently, this court lacks jurisdiction to consider a direct appeal of appellant's second point of error, and point of error two is overruled.