# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-00-00029-CR
NO. 03-00-00030-CR
NO. 03-00-00031-CR
NO. 03-00-00032-CR

**Ronald D. Margolis, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF HARRIS COUNTY, 185TH JUDICIAL DISTRICT
NOS. 666,527, 666,528, 666,529 & 666,530
HONORABLE SUSAN BROWN, JUDGE PRESIDING**

In each of these causes, appellant Ronald D. Margolis pleaded guilty to indecency with a child by exposure. Tex. Penal Code Ann. § 21.11(a)(2) (West Supp. 2000). The district court found that the evidence substantiated appellant's guilt and, pursuant to a plea bargain, placed appellant on deferred adjudication community supervision. The State later moved to revoke supervision and proceed to adjudication. After appellant pleaded true to the allegations, the district court revoked supervision, adjudged appellant guilty, and imposed sentence of imprisonment for ten years.

In points of error five, six, and seven, appellant contends the district court fundamentally erred and violated his due process and due course of law rights by revoking

supervision and proceeding to adjudicate based on conduct that did not violate the conditions of supervision. *See* U.S. Const. amend. XIV; Tex. Const. art. I, §§ 10, 13, 19. No appeal may be taken from the determination to revoke supervision and adjudicate guilt. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2000). These points of error present nothing for review.[1]

In points of error one and two, appellant contends article 42.12, section 5(b), by denying him the right to appeal the decision to proceed to adjudication, violates the Texas Constitution's open courts and inalienable rights guarantees. *See* Tex. Const. art. I, §§ 13, 29. Appellant's argument fails because it rests on the assumption that he possesses a constitutional right to appeal that may not be infringed by the legislature. It has long been recognized, however, that neither the United States nor the Texas Constitution guarantees a right to appeal a criminal conviction. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). The right to appeal does not exist unless authorized by statute. *Watson v. State*, 924 S.W.2d 711, 713 (Tex. Crim. App. 1996). "[W]hen a legislative enactment says an accused may not appeal a determination to adjudicate, there is no right to do so." *Phynes*, 828 S.W.2d at 2. Points of error one and two, if properly before us, are overruled.[2]

---

[1] Appellant's argument under these points is that the State failed to prove the alleged violations, and that the conduct proved did not violate the conditions of supervision. Appellant's pleas of true, however, were sufficient to support revocation on the grounds alleged. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Pequeno v. State*, 710 S.W.2d 709, 711 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd).

[2] Other courts of appeals have held that the statutory prohibition of appeals from the decision to adjudicate precludes even an appeal challenging the constitutionality of the prohibition itself. *Sanders v. State*, 944 S.W.2d 448, 450 (Tex. App.—Houston [14th Dist.] 1997, no pet.); *Tillman*

In points of error eight and nine, appellant contends he did not receive effective assistance of counsel at the punishment hearing that followed the adjudications of guilt. Appellant's general notices of appeal do not state that he has the district court's permission to raise this issue. *See* Tex. R. App. P. 25.2(b)(3)(C); *see Watson*, 924 S.W.2d at 714. Once again, nothing is presented for review.

In points of error three and four, appellant contends the application of appellate rule 25.2(b)(3) to these appeals also violates article I, sections 13 and 29 of the Texas Constitution. Appellant argues that the rule effectively nullifies the right to appeal granted by article 42.12, section 5(b), which permits an appeal following adjudication of guilt "as if the adjudication of guilt had not been deferred." Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b).

The limited right to appeal following a negotiated guilty plea was initially enacted by the legislature. *See* Act of May 23, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940 (Tex. Code Crim. Proc. Ann. art. 44.02, proviso repealed by order of Texas Court of Criminal Appeals effective Sept. 1, 1986). The restriction was carried forward into former Texas Rule of Appellate Procedure 40(b)(1), the predecessor of current rule 25.2(b)(3). The court of criminal appeals determined that the application of rule 40(b) to appeals pursuant to article 42.12, section 5(b) was intended by the legislature. *Watson*, 924 S.W.2d at 714. Because the right to appeal in criminal cases is defined by the legislature, it follows that rule 25.2(b)(3) does not impermissibly infringe on appellant's right to appeal. Points of error three and four are overruled.

---

*v. State*, 919 S.W.2d 836, 838 (Tex. App.–Fort Worth 1996, pet. ref'd).

The judgments of conviction are affirmed.

_____

J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed:   November 30, 2000

Do Not Publish

4