NUMBER 13-01-084-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


DANIEL EDWARD BOOKER , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 252nd District Court

of Jefferson County, Texas.

__________________________________________________________________


O P I N I O N


Before Justices Yañez, Rodriguez, and Baird (1)

Opinion by Justice Baird


 On October 30, 1995, appellant pled guilty to the offense of aggravated assault with a deadly weapon. Although sufficient
evidence was admitted to establish appellant's guilt, the trial court deferred an adjudication of guilt and placed appellant on
community supervision for a period of three years. On March 25, 1998, the trial court accepted appellant's plea of true to
the allegation in the State's Motion to Revoke Community Supervision. On April 27, 1998, the trial court revoked
appellant's community supervision and assessed punishment at ten years confinement in the Texas Department of Criminal
Justice--Institutional Division. Appellant gave notice of appeal, and counsel was appointed.

 Counsel has filed an Anders brief. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel
states that he has reviewed the statement of facts and the clerk's record in this case, that he has researched the applicable
statutory and decisional authority, and that he has found no reversible error and no arguable grounds of error for purposes
of appeal. We find counsel has presented a professional evaluation of the record demonstrating why there are no arguable
grounds to be advanced. High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978).

 Additionally, counsel certifies he served a copy of his brief and the court reporter's record on appellant, and advised
appellant of his right to file a pro se brief. Appellant's pro se brief was due to be filed on or before September 18, 2001. 
No such brief has been filed.

 We too have carefully reviewed the appellate record and have found no reversible error or any arguable point(s) of error
for appeal. Our law is clear that a party may appeal only that which the Legislature has authorized. Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992); Galitz v. State, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981). In the context of
deferred adjudication community supervision, the Legislature has specifically prohibited an appeal from a determination to
proceed with an adjudication of guilt on the original charge. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.
2001) (no appeal may be taken from the determination by the trial court of whether it proceeds with an adjudication of guilt
on the original charge); Connolly v. State, 983 S.W.2d 738, 740 (Tex. Crim. App. 1999); Sanders v. State, 944 S.W.2d 448,
450 (Tex.App.-Houston [14th Dist.] 1997, no pet.) (noting prohibition against direct appeal of determination to adjudicate
is total). The Court of Criminal Appeals has noted "from the beginning of deferred adjudication practice that the
Legislature meant what it said in Article 42.12, Sec. 5(b)."Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992). Because of the legislative prohibition of an appeal from the adjudication of guilt, and because there are no arguable
points related to any proceedings following the adjudication of guilt, see Tex. Code Crim. Proc. Ann. art.
42.12(5)(b)(Vernon 2001), dismissal is the appropriate disposition in the appellate court.

 Accordingly, this appeal is dismissed for want of jurisdiction. 



__________________________

CHARLES F. BAIRD

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 1st day of November, 2001.

 

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).