NUMBER 13-01-154-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI


ALBERT CORONA , Appellant,

v.


THE STATE OF TEXAS , Appellee.

 
On appeal from the 156th District Court

of Bee County, Texas.


O P I N I O N


Before Justices Dorsey, Yañez and Baird (1)

Opinion by Justice Baird



Appellant was charged in a three count indictment with the offenses of burglary of a habitation, sexual assault and
possession of a controlled substance, respectively. On October 7, 1999, pursuant to a plea bargain agreement, the State
dismissed the second and third counts of the indictment, and appellant pled guilty to the first count. The trial court found
sufficient evidence to substantiate appellant's plea, withheld a finding of guilt, and placed appellant on community
supervision for a period of eight years. On December 28, 2000, the trial court accepted appellant's plea of true to the
allegations in the State's Motion to Revoke Community Supervision, entered an adjudication of guilt and assessed
punishment at ten years confinement in the Texas Department of Criminal Justice--Institutional Division.

In a single point of error, appellant contends the evidence was insufficient to prove appellant violated the conditions of his
community supervision. We reject this argument for two reasons. First, a plea of true to any one of the violations alleged
in the State's motion to revoke is sufficient to support the trial court's order of revocation. Moses v. State, 590 S.W.2d 469,
470 (Tex. Crim. App. [Panel Op.] 1979); Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); Hays v.
State, 933 S.W.2d 659, 661 (Tex. App.-San Antonio 1996, no pet.). And once a plea of true has been entered, a defendant
may not challenge the sufficiency of the evidence to support the subsequent revocation. Rincon v. State, 615 S.W.2d 746,
747 (Tex. Crim. App. [Panel Op.] 1981); Cole, 578 S.W.2d at 128; Hays, 933 S.W.2d at 661.

Second, our law is clear that a party may appeal only that which the Legislature has authorized. Galitz v. State, 617 S.W.2d
949, 951 (Tex. Crim. App. 1981);Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). In the context of deferred
adjudication community supervision, the Legislature has specifically prohibited an appeal from a determination to proceed
with an adjudication of guilt on the original charge. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.1999)
(No appeal may be taken from the determination by the trial court of whether it proceeds with an adjudication of guilt on
the original charge.); Connolly v. State, 983 S.W.2d 738, 740 (Tex. Crim. App. 1999); Sanders v. State, 944 S.W.2d 448,
450 (Tex.App.-Houston [14th Dist.] 1997, no pet.) (noting prohibition against direct appeal of determination to adjudicate
is total). The Court of Criminal Appeals has noted "from the beginning of deferred adjudication practice that the
Legislature meant what it said in Article 42.12, Sec. 5(b)." Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992). Because of this legislative prohibition, dismissal is the appropriate disposition in the appellate court.

For these reasons, appellant's sole point of error is overruled.

This appeal is dismissed for want of jurisdiction. 

 

 ______________________________

CHARLES F. BAIRD,

 Justice

 

Do not publish .

Tex. R. App. P. 47.3(b).




Opinion delivered and filed

this 8th day of November, 2001.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex. Gov't Code Ann. §74.003 (Vernon 1998).