**Jason PAGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–00–180–CR.**

Court of Appeals of Texas,
Waco.

Feb. 6, 2002.

Stan Schwieger, Waco, for appellant.

Don W. Cantrell, Limestone County Dist. Atty., Groesbeck, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

**OPINION**

REX D. DAVIS, Chief Justice.

Jason Victor Page pleaded guilty to aggravated robbery. In accordance with a plea agreement, the court sentenced him to twelve years' imprisonment. Page filed a *pro se* notice of appeal specifying that he is appealing a jurisdictional defect. *See* Tex.R.App. P. 25.2(b)(3)(A). The court appointed counsel to represent Page on appeal.

Page's appellate counsel has filed an *Anders* brief. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493, 498 (1967). Counsel notified

Page that he had filed an *Anders* brief, sent him a copy of the record, and informed him that he had the right to file a *pro se* brief or other response. Counsel certified to this Court that he had taken these actions. *See Sowels v. State*, 45 S.W.3d 690, 693–94 (Tex.App.-Waco 2001, no pet.). Because counsel did not adequately advise Page that the time for filing his brief or response commenced upon the filing of counsel's *Anders* brief, we set the due date for Page's brief or response in a per curiam order. *See Page v. State*, 63 S.W.3d 820, 822–23, 2001 Tex.App. LEXIS 7975, at *4 (Tex.App.-Waco 2001, order). Page has not filed a brief or response.

■ Because Page's notice of appeal specifies that he is appealing only a jurisdictional defect, we may not consider any grounds for reversal other than jurisdictional ones under Rule of Appellate Procedure 25.2(b)(3).[1] *See* TEX.R.APP. P. 25.2(b)(3); *Morris v. State*, 749 S.W.2d 772, 774–75 (Tex.Crim.App.1986) (holding that "no other matter [is] appealable" under notice of appeal limited to issues raised by pre-trial motions and dismissing appeal asserting only legal sufficiency complaint); *Morris v. State*, 892 S.W.2d 444, 446–47 (Tex.App.-San Antonio 1995, pet. ref'd) (dismissing appellant's points related to constitutionality of sentence under notice of appeal limited to issues raised by pre-trial motions); *Levels v. State*, 866 S.W.2d 103, 106 (Tex.App.-Beaumont 1993, no pet.) (dismissing appellant's sufficiency complaint raised under notice of appeal limited to issues raised by pre-trial motions); *see also White v. State*, 61 S.W.3d 424, 428, 2001 Tex.Crim.App. LEXIS 124, at *6 (Tex.Crim.App.2001) ("Dismissal of an issue or the entire matter is appropriate unless the form of the notice of appeal is proper to perfect appeal as to the issue or matter."). Counsel has identified one potential jurisdictional defect for our review.

■ According to counsel, Page "has requested [him to] challenge the constitutionality of the Penal Code, in that it contained matters not germaine to the title of the bill, in violation of article III, section 35 of the Texas Constitution." A challenge to the facial constitutionality of the statute under which the defendant was convicted presents an issue which affects the jurisdiction of the trial court. *See Bader v. State*, 15 S.W.3d 599, 603 (Tex. App.-Austin 2000, pet. ref'd); *see also Rabb v. State*, 730 S.W.2d 751, 752 (Tex. Crim.App.1987) (appellate court should have addressed constitutional challenge raised in appeal following plea-bargained guilty plea).

Article III, section 35 provides as follows:

### § 35. Subjects and titles of bills

Sec. 35. (a) No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are

---

1. The Court of Criminal Appeals construed the predecessor to Rule 25.2(b)(3), the former Rule 40(b)(1), to permit a plea-bargaining defendant to appeal jurisdictional defects and the voluntariness of his plea under a general notice of appeal. *See Flowers v. State*, 935 S.W.2d 131, 134 (Tex.Crim.App.1996). Rule 25.2(b)(3)(A) now requires that such a defendant specify in his notice of appeal whether he is appealing a jurisdictional defect. *See* TEX.R.APP. P. 25.2(b)(3)(A). The Court has recently overruled the holding in *Flowers* that a defendant may appeal the voluntariness of his guilty plea under a general notice of appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim.App.2001). To appeal the voluntariness of a plea-bargained guilty plea, the defendant must obtain permission from the trial court and specify in the notice of appeal that he has the trial court's permission to do so. *See Elizondo v. State*, 979 S.W.2d 823, 824–25 (Tex.App.-Waco 1998, no pet.); *accord Cooper*, 45 S.W.3d at 83.

appropriated) shall contain more than one subject.

(b) The rules of procedure of each house shall require that the subject of each bill be expressed in its title in a manner that gives the legislature and the public reasonable notice of that subject. The legislature is solely responsible for determining compliance with the rule.

(c) A law, including a law enacted before the effective date of this subsection, may not be held void on the basis of an insufficient title.

TEX. CONST. art. III, § 35.

■ The Court of Criminal Appeals has construed subsection (c) of this constitutional provision to mean that "[c]ourts 'no longer [have] the power to declare an act of the Legislature unconstitutional due to the insufficiency of the caption.'" *Meshell v. State*, 739 S.W.2d 246, 251 (Tex.Crim. App.1987) (quoting *Baggett v. State*, 722 S.W.2d 700, 702 (Tex.Crim.App.1987)); *accord Ford Motor Co. v. Sheldon*, 22 S.W.3d 444, 452 (Tex.2000); *Garay v. State*, 940 S.W.2d 211, 216 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd). Thus, we do not have jurisdiction to declare the Penal Code unconstitutional on the basis of a deficient caption.

■ The indictment presented in Page's case invested the court with jurisdiction. *See* TEX. CONST. art. V, § 12(b); *Cook v. State*, 902 S.W.2d 471, 476 (Tex.Crim.App. 1995). The trial court has jurisdiction of felony offenses such as that charged in the indictment. *See Skillern v. State*, 890 S.W.2d 849, 859 (Tex.App.-Austin 1994, pet. ref'd). Accordingly, our review of the record reveals no jurisdictional defects.

For these reasons, we conclude that Page's appeal presents no issues of arguable merit. Thus, we affirm the judgment. Unless appellate counsel has been allowed to withdraw, counsel must advise Page of the result of the appeal and of his right to file a petition for discretionary review. *See Sowels*, 45 S.W.3d at 694.