Bruce Watson v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-163-CR

     BRUCE WATSON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 2000-797-C
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Bruce Watson pled guilty, pursuant to a plea bargain, to possession of child pornography. 
Under the plea bargain, the State neither recommended nor opposed community supervision. The
trial court found Watson guilty and postponed considering Watson’s community supervision
request until after the completion of a pre-sentence investigation. After a sentencing hearing, the
trial court sentenced Watson to seven years in prison and did not suspend the sentence. We affirm
the trial court’s judgment.
Background
      Watson was a professor with Baylor University. When the University exchanged his old
office computer for a new one, it discovered images of children in various stages of undress stored
on the old computer’s hard drive. Watson was arrested. He bargained with the State in exchange
for his guilty plea. According to the terms of the plea bargain, the State recommended seven years
in prison and no fine and expressed no opinion on Watson’s request for community supervision. 
The State also proceeded only on the first count of a ten count indictment in return for Watson’s
guilty plea.
      Watson signed a judicial confession which was admitted into evidence at the plea hearing. 
The confession states that Watson did “then and there intentionally or knowingly possess visual
material that visually depicted, and which I knew visually depicted a child who was younger than
18 years of age at the time of the image of the child was made, engaging in sexual conduct, to-wit:
actual lewd exhibition of the genitals, or any portion of the female breast below the top of the
areola.”
      Because of a new United States Supreme Court opinion, Watson filed a Motion to Arrest
Judgment and a Motion for New Trial. After a hearing, the trial court denied both motions.
Notice of Appeal
      Watson filed a notice of appeal. He claimed that he was appealing a jurisdictional defect and
that he had the trial court’s permission to appeal. See former Tex. R. App. P. 25.2(b)(3). A
notice of appeal governed by former Rule 25.2(b)(3) must comply with the rule in form and
substance to properly invoke this Court’s jurisdiction. Brown v. State, 53 S.W.3d 734, 739 (Tex.
App.—Dallas 2001, pet. ref’d); Flores v. State, 43 S.W.3d 628, 629 (Tex. App.—Houston [1st
Dist.] 2001, no pet.); Betz v. State, 36 S.W.3d 227, 228-29 (Tex. App.—Houston [14th Dist.]
2001, no pet.). The State attacks Watson’s notice of appeal contending he did not have the court’s
permission to appeal. The State is correct. A review of the record reveals the trial court expressly
stated numerous times that Watson did not have permission to appeal. Thus, Watson’s notice of
appeal is deficient and he cannot appeal all aspects of his conviction.
      However, because he also claims to raise a jurisdictional defect, we must review his issues
on appeal to determine whether any have raised a jurisdictional defect. We will consider only
those issues that arguably raise a jurisdictional defect and no others. Page v. State, 70 S.W.3d
317, 318 (Tex. App.—Waco 2002, no pet.).
Constitutional Challenge
      In Watson’s first three issues, he contends that Texas Penal Code sections 43.25 (definitions)
and 43.26 (possession of child pornography) violate the First Amendment of the United States
Constitution and Article I, Section 8 of the Texas Constitution because the sections are vague, over
broad, and violate free speech. These three issues are facial challenges to the constitutionality of
the two sections. We have stated before that a facial challenge to the constitutionality of a statute
under which a defendant was convicted presents an issue which affects the jurisdiction of the trial
court. Page, 70 S.W.3d at 318. Thus, we will review these three issues.
      When reviewing the constitutionality of a statute, we presume the statute is valid and the
legislature has not acted unreasonably or arbitrarily in enacting the statute. Ex parte Granviel, 561
S.W.2d 503, 511 (Tex. Crim. App. 1978). The burden rests on the party challenging the statute
to establish its unconstitutionality. Id.
      The Court of Criminal Appeals has upheld the constitutionality of section 43.26 in light of a
facial attack under the First Amendment. Savery v. State, 819 S.W.2d 837, 838 (Tex. Crim. App.
1991); see also Savery v. State, 767 S.W.2d 242, 245 (Tex. App.—Beaumont 1989, no pet.). 
Watson attempts a new angle for his constitutional attack.
      Watson’s constitutional challenge centers around the application of a recent United States
Supreme Court opinion. See Ashcroft v. Free Speech Coalition, 535 U.S. 234, 122 S.Ct. 1389,
152 L.Ed.2d 403 (2002). The Court in Ashcroft considered whether the federal Child
Pornography Prevention Act of 1996 abridged free speech. The Supreme Court held that it did. 
Section 2256(8)(B) of the Act prohibited any visual depiction that “is, or appears to be, of a minor
engaging in sexually explicit conduct.” Id. at 241. Section 2256(8)(D) defined child pornography
as any sexual image that “conveys the impression” that it depicts “a minor engaging in sexually
explicit conduct.” Id. at 242. The Court stated that, generally, the First Amendment bars the
government from dictating what Americans see, read, speak, or hear. Id. at 245. But “freedom
of speech has its limits; it does not embrace certain categories of speech, including defamation,
incitement, obscenity, and pornography produced with real children.” (emphasis added). Id. at
245-246.
      The concern the Supreme Court had was that the Act prohibited the possession of images if
the person depicted appeared to be a minor, not just if the person actually was a minor. The Act
went beyond the permissible scope of child pornography laws. Those laws are needed to protect
children from exploitation in the production process. Id. at 240. If there is no child being
harmed, there is no child in need of protection.
      This is not a problem with the Texas statutes. In Texas, a person commits an offense if he
knowingly or intentionally possesses visual material that visually depicts a child younger than 18
years of age at the time the image of the child was made who is engaging in sexual conduct.
(emphasis added). Tex. Pen. Code Ann. § 43.26 (a) (Vernon 2003). Neither this provision nor
the definition of “sexual conduct” refer to images that appear to be of children. See id. at (b) and
§ 43.25 (a)(2). Thus, the rationale underpinning the holding in Ashcroft is not applicable to the
Texas statutes.
      Watson also asserts that sections 43.25 and 43.26 violate his right to free speech under Article
I, Section 8 of the Texas Constitution, which provides in pertinent part: "Every person shall be
at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse
of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press." 
Tex. Const. art. I, § 8. The Texas Supreme Court has recognized that "in some aspects our free
speech provision is broader than the First Amendment." Commission for Lawyer Discipline v.
Benton, 980 S.W.2d 425, 434 (Tex. 1998) (citing Davenport v. Garcia, 834 S.W.2d 4, 8 (Tex.
1992)). “However, to assume automatically ‘that the state constitutional provision must be more
protective than its federal counterpart illegitimizes any effort to determine state constitutional
standards.’” Id. The cases in which the Court has held the Texas Constitution to create a higher
standard than the First Amendment have involved prior restraints in the form of court orders
prohibiting or restricting speech. Id.; see also Ex parte Cross, 69 S.W.3d 810, 815 (Tex.
App.—El Paso 2002, no pet.).
      Watson does not contend the statutes act as a prior restraint on his right to free speech. He
argues nothing more than the application of the Ashcroft opinion. As we noted earlier, the
rationale of the Ashcroft decision is not applicable to the constitutionality of the Texas statutes. 
      Watson has not established the statutes’ unconstitutionality under the United States or the
Texas Constitutions. Thus, Watson’s first three issues are overruled.
Other Issues
      Watson’s next four issues do not raise jurisdictional defects. And because Watson did not
receive the trial court’s permission to appeal, those issues are not properly before us and are
dismissed.
Conclusion
      Having overruled the only issues properly before us for review on appeal, the trial court’s
judgment is affirmed.
                                                                   TOM GRAY
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed July 30, 2003
Publish
[CR25]