Earl Owen Bitterman v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-164-CR

     EARL OWEN BITTERMAN,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 2001-160-C
                                                                                                                

MEMORANDUM OPINION
                                                                                                                
 
      Earl Owen Bitterman pleaded guilty to aggravated sexual assault. Pursuant to a plea
bargain, the State recommended five years’ confinement but agreed to stand mute on
Bitterman’s motion for deferred adjudication community supervision. At sentencing,
Bitterman presented evidence in support of his motion. The State responded with evidence that
he should be imprisoned and argued that he should be imprisoned. The court sentenced him to
five years’ imprisonment.
      Bitterman presents two issues in which he claims that: (1) the State breached the parties’
plea agreement; and (2) the court abused its discretion by permitting his motion for new trial to
be overruled by operation of law.
BACKGROUND
      The State’s punishment recommendation at the hearing in which Bitterman pleaded guilty
was as follows:
5 YEARS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, AND A FINE OF $0.00; THE STATE NEITHER
OPPOSES NOR RECOMMENDS THAT THE COURT GRANT DEFERRED
ADJUDICATION PROBATION IN THIS MATTER.

      At sentencing, Bitterman presented several witnesses to support his request for deferred
adjudication. The State cross-examined these witnesses on Bitterman’s suitability for
community supervision and whether he had accepted responsibility for his conduct. The State
called the complainant’s counselor in rebuttal. The counselor testified that granting
Bitterman’s request for community supervision would send the wrong message to the
complainant and would “erode some of her confidence that she was indeed a victim.”
      The State argued that Bitterman’s request for deferred adjudication should be denied
because: (1) “he has not accepted responsibility for his actions”; (2) he denied committing the
offense during the presentence investigation; and (3) granting community supervision would
send the wrong message to the complainant. The State concluded by asking the court “to
follow the State’s agreement and sentence him to the penitentiary.”
BREACH OF PLEA AGREEMENT
      Bitterman argues in his first issue that the State breached the parties’ plea agreement by
presenting evidence that he should be imprisoned and by arguing that he should be imprisoned. 
The State responds that: (1) we do not have jurisdiction to address this issue because it exceeds
the scope of the issues identified in Bitterman’s notice of appeal; (2) Bitterman failed to
preserve this issue for our review because he did not raise this complaint in a timely fashion in
the trial court; and (3) the State did not breach the parties’ agreement.
      Because Bitterman perfected this appeal before the recent amendments to the Rules of
Appellate Procedure took effect, the provisions of former appellate rule 25.2(b)(3) apply. 
Former rule 25.2(b)(3) required a notice of appeal in a plea bargain case to specify which of
three types of issues would be presented in the appeal, namely: (1) a jurisdictional defect; (2)
an issue raised by written motion and ruled on before trial; or (3) an issue on which the trial
court granted permission to appeal. Tex. R. App. P. 25.2(b)(3), 948-949 S.W.2d (Tex. Cases)
xcvi (Tex. Crim. App. 1997, amended 2002). The terms of a notice of appeal under Rule
25.2(b)(3) define the scope of the issues which may be presented in such an appeal. See
Bayless v. State, 91 S.W.3d 801, 803 n.2 (Tex. Crim. App. 2002); Page v. State, 70 S.W.3d
317, 318 (Tex. App.—Waco 2002, no pet.).
      Compliance with former Rule 25.2(b)(3) is not a jurisdictional prerequisite. Bayless, 91
S.W.3d at 803 n.2. Rather, compliance with the rule determines what issues are cognizable on
appeal. Id.
      Bitterman’s notice of appeal states in pertinent part that he is appealing an issue which the
trial court granted permission to appeal. The trial court signed an order granting permission
“to appeal the ruling of this court denying defendant’s motion for new trial.” Bitterman
alleged in the motion for new trial that the prosecutor breached the parties’ plea agreement. 
Accordingly, we conclude that the issue of whether the prosecutor breached the agreement is
one on which the trial court granted permission to appeal.
       The State next argues that Bitterman failed to preserve this issue for our review because
he did not make a timely objection. “[T]o be timely the objection must be at a time at which
the trial court may remedy the [error].” Moore v. State, 999 S.W.2d 385, 397 (Tex. Crim.
App. 1999); accord Montoya v. State, 43 S.W.3d 568, 572 (Tex. App.—Waco 2001, no pet.).
      Bitterman contends that the State breached the plea agreement by the introduction of
improper testimony and by improper argument. An objection to the admission of improper
evidence should be made at the time the evidence is offered to preserve error. Aguilar v.
State, 26 S.W.3d 901, 905-06 (Tex. Crim. App. 2000); Gone v. State, 54 S.W.3d 27, 32
(Tex. App.—Texarkana 2001, pet. ref’d). Bitterman did not object to the prosecutor’s offer of
evidence which he contends violated the plea agreement until thirty days after the hearing when
he filed the motion for new trial. This was untimely. See id.
      Similarly, an objection to improper argument should be made at the time of the
objectionable argument to preserve error. See Zimmerman v. State, 860 S.W.2d 89, 100 (Tex.
Crim. App. 1993); Haliburton v. State, 80 S.W.3d 309, 315 (Tex. App.—Fort Worth 2002,
no pet.). Again, Bitterman’s objection was untimely because he did not present it until thirty
days after the fact.
      Bitterman contends that the State breached the plea agreement by the admission of
improper evidence and by improper argument. He failed to make a timely objection to either
instance of alleged prosecutorial misconduct. Thus, he has failed to preserve this issue for our
review. See Guevara v. State, 103 S.W.3d 549, 556-57 (Tex. App.—San Antonio 2003, pet.
granted);


 Williams v. State, 840 S.W.2d 449, 463-64 (Tex. App.—Tyler 1991, pet. ref’d);
contra Besch v. State, 87 S.W.3d 588, 590 n.3 (Tex. App.—San Antonio 2002, pet. dism’d,
untimely filed) (motion for new trial adequately preserved complaint that State breached plea
agreement).
      Accordingly, we conclude that Bitterman’s first issue is without merit.
MOTION FOR NEW TRIAL
      Bitterman claims in his second issue that the trial court abused its discretion by permitting
his motion for new trial to be overruled by operation of law. Bitterman did not timely raise the
grounds for relief on which his motion for new trial was premised. Accordingly, we hold that
the court did not abuse its discretion by permitting his motion for new trial to be overruled by
operation of law. See Williams, 840 S.W.2d at 463-64. To hold otherwise would be to permit
Bitterman to undercut the well-established rules for preservation of error. See Jones v. State,
942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997) (preservation is a systemic requirement which
must be considered by intermediate appellate court even if not raised by the parties).
      Accordingly, we conclude that Bitterman’s second issue is without merit.
      We affirm the judgment.


                                                                         FELIPE REYNA
                                                                         Justice
Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna



      (Justice Vance dissenting)
Affirmed
Opinion delivered and filed February 4, 2004
Publish
[CR25]