Criminal Case Template














COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





CHRISTOPHER PARK,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00272-CR


Appeal from the


282nd District Court


of Dallas County, Texas


(TC# FOO-23695-IS)



M E M O R A N D U M O P I N I O N



 Appellant pleaded guilty to the offense of burglary of habitation and, pursuant to a
negotiated plea, he was sentenced to five (5) years' deferred adjudication and a fine of
$2,500. The State filed a motion to adjudicate Appellant's guilt by alleging he committed
the offense of sexual assault of a child. The court adjudicated Appellant guilty of the
underlying offense and sentenced Appellant to ten (10) years' imprisonment in the
Institutional Division of the Texas Department of Criminal Justice and a fine of $2,500. We
affirm the judgment of the trial court.


I. SUMMARY OF THE EVIDENCE


 The State's evidence at trial indicated that Appellant was alone with an eight year-old
boy at Appellant's house while the child's mother and Appellant's mother, Donna, were at
the hairdresser. While on a bed watching a Robin Hood movie, the child testified that
Appellant pulled down his pants and put his penis in the child's anus. Appellant brought the
child to Donna's house and he ran into the bathroom and threw up. The child told his mother
and Donna what had occurred. He also told a therapist at the Dallas Children's Advocacy
Center. Appellant testified in his own defense, and he denied that he ever touched the child. 
 During the testimony of the therapist, Andrea Schultz, the following exchange
occurred:

 STATE: Did - what did (the child) say with regards to any details that day he
talked about the abuse?


 WITNESS: He just gave the account of what happened. Do you want me to
go through -


 DEFENSE: Objection, Your Honor -


 STATE: Please.


 DEFENSE: - we have not been given notice prior to the witness, so we
object to any statement with (the child). 


 STATE: Judge, we would offer it under 803.4, the Rules of Evidence,
hearsay exception statements for purposes of medical diagnosis
or treatment.


 DEFENSE: Your Honor, the 38 - 38.02, Judge, is the statute regarding the
- outcry, and I believe that supercedes anything else. We have
not received any notice that the witness was going to testify
about anything outside - anything (the child) told her, and we
would object to it. 


 STATE: Judge, we're not offering it as outcry.


 COURT: Overruled. Go ahead.


 The witness then proceeded to testify concerning what the child had told her during
the interview.

 II. DISCUSSION


 In Issue No. One, Appellant alleges the court abused its discretion by revoking his
probation and adjudicating guilt in that the evidence was insufficient to show by a
preponderance of the evidence that Appellant committed the offense of sexual assault of a
child. In Issue No. Two, Appellant maintains that the court erred by overruling Appellant's
objection to Andrea Schultz's testimony about the statements the child made in that
Appellant did not receive the requisite notice mandated by Article 38.072 of the Code of
Criminal Procedure. (1) Appellant asserts that this error denied him due process and his Sixth
Amendment right to confrontation constituting constitutional error. 

 Initially, we must address the State's contention that we do not have jurisdiction to
entertain this appeal. Appellant filed a general notice of appeal. Because Appellant
perfected this appeal before the recent amendments to the Rules of Appellate Procedure took
effect, the provisions of former appellate Rule 25.2(b)(3) apply. Former Rule 25.2(b)(3)
required a notice of appeal in a plea bargain case to specify which of three types of issues
would be presented in the appeal, namely: (1) a jurisdictional defect; (2) an issue raised by
written motion and ruled on before trial; or (3) an issue on which the trial court granted
permission to appeal. The terms of a notice of appeal under Rule 25.2(b)(3) define the scope
of the issues which may be presented in such an appeal. See Bayless v. State, 91 S.W.3d 801,
803 n.2 (Tex. Crim. App. 2002); Page v. State, 70 S.W.3d 317, 318 (Tex. App.--Waco 2002,
no pet.). Compliance with former Rule 25.2(b)(3) is not a jurisdictional prerequisite. 
Bayless, 91 S.W.3d at 803 n.2. Defects in the notice that do not affect whether the
instrument filed with the clerk is actually a notice of appeal do not prevent the appellate court
from having jurisdiction over appeal. Rather, compliance with the rule determines what
issues are cognizable on appeal. Id. 

 Article 42.12, Section 5(b) of the Texas Code of Criminal Procedure provides that
"[a]fter an adjudication of guilt, all proceedings, including assessment of punishment,
pronouncement of sentence, granting of community supervision, and defendant's appeal
continue as if the adjudication of guilt had not been deferred." Tex. Code Crim. Proc. Ann.
art. 42.12 § 5(b) (Vernon Supp. 2004). Although we may not review a trial court's decision
to proceed with an adjudication of guilt on the original charge, we may consider issues
related to the trial court's assessment of punishment and pronouncement of sentence. Kirtley
v. State, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001); Vidaurri v. State, 49 S.W.3d 880, 885
(Tex. Crim. App. 2001). Furthermore, a general notice of appeal would allow the reviewing
court to hear and address such a complaint notwithstanding the special notice prerequisites
of former Rule 25.2(b)(3). Id.; McGee v. State, 124 S.W.3d 253, 255 (Tex. App.--Fort Worth
2003, pet. ref'd). This is because one of the main purposes of Rule 25.2(b)(3) is assuring
judicial economy by limiting the defendant's right to appeal a conviction based on a plea
bargain. If a defendant is appealing a matter not related to the conviction, then Rule
25.2(b)(3) should not apply because the purpose behind the rule is not served. Vidaurri, 49
S.W.3d at 884.

 The limitations on the right to raise issues regarding the decision to adjudicate guilt
have been rather strictly applied by the Court of Criminal Appeals and the courts of appeals
when litigants have unsuccessfully attempted to raise a variety of claimed errors: Connolly
v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999) (Appellant cannot raise due diligence
as it is part of the "adjudication of guilt process"); Hargrave v. State, 10 S.W.3d 355, 357
(Tex. App.--Houston [1st Dist.] 1999, pet. ref'd) (voluntariness of plea of true to motion to
adjudicate); Cooper v. State, 2 S.W.3d 500, 504 (Tex. App.--Texarkana 1999, pet. ref'd)
(effectiveness of counsel during adjudication proceeding); Leal v. State, 962 S.W.2d 652,
653 (Tex. App.--Corpus Christi 1998, no pet.) (sufficiency of the evidence to revoke
community supervision); Sanders v. State, 944 S.W.2d 448, 450 (Tex. App.--Houston [14th
Dist.] 1997, no pet.) (use of illegally seized evidence); Abdallah v. State, 924 S.W.2d 751,
754 (Tex. App.--Fort Worth 1996, pet. ref'd) (conditions of probation not specific enough
to support revocation); Cole v. State, 931 S.W.2d 578, 580 (Tex. App.--Dallas 1995, pet.
ref'd) (failure to state reasons for revocation). 

 However, in Olowosuko v. State, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992), the
court indicated that Article 42.12, Section 5(b) is not intended to preclude challenges to all
of the rulings a trial court may potentially make in the course of a deferred adjudication
proceeding, stating: "[A]n appellate court must sort out various rulings a trial court may
make in the course of a deferred adjudication proceeding to determine those which the
Legislature provided a right to appeal." Id. Some courts have reviewed complaints about
issues that arose in adjudication proceedings. In Marbut v. State, 76 S.W.3d 742, 746-47
(Tex. App.--Waco 2002, pet. ref'd), the Waco Court of Appeals held that it had jurisdiction
to address an Appellant's complaint that the trial court failed to conduct a competency
inquiry in a deferred adjudication case because the error pertained to the validity of the
proceedings that determined the Appellant's guilt and her sentencing to prison rather than
to the trial court's decision to adjudicate her guilt. See id. at 747. Further, Rule 25.2 (b) (3)
would not apply as it was not a matter relating to the conviction. Id. This holding was
criticized by the San Antonio Court of Appeals in their holding that a competency complaint
does not challenge the trial court's jurisdiction to adjudicate a defendant's guilt but rather
asserts reversible trial error in the process of adjudication that is not jurisdictional. See Arista
v. State, 2 S.W.3d 444, 445 (Tex. App.--San Antonio 1999, no pet.). 

 Marbut is one of the few existent cases that allow the raising of a due process type
complaint on direct appeal regarding a trial court's determination to adjudicate guilt. See
Henderson v. State, 132 S.W.3d 112, 114 (Tex. App.--Dallas 2004, no pet.). Even allowing
for the continuing validity of the Marbut holding, the two issues in the present case do not
arise to the level that pertain to the validity of the proceedings to determine guilt. While
issue number two presents some due process considerations regarding notice and the right
to a hearing, it is a matter clearly pertinent only to the determination to adjudicate guilt. 
Under both former Article 25.2 (b) (3) and Article 42.12 (5) (b), we overrule Issue No. One
as well as Issue No. Two.

 Having overruled Issues No. One and Two, we affirm the judgment of the trial court. 

August 10, 2004 



 RICHARD BARAJAS, Chief Justice

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)

1. This article provides, in pertinent part:


 Sec. 2. (a) This article applies only to statements that describe the alleged offense that:

 (1) were made by the child against whom the offense was
allegedly committed; and 

 (2) were made to the first person, 18 years of age or older,
other than the defendant, to whom the child made a statement
about the offense.

 (b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible
because of the hearsay rule if:

 (1) on or before the 14th day before the date the proceeding
begins, the party intending to offer the statement:

 (A) notifies the adverse party of its intention
to do so:

 (B) provides the adverse party with the name
of the witness through whom it intends to
offer the statement; and 

 (C) provides the adverse party with a written
summary of the statement;

 (2) the trial court finds, in a hearing conducted outside the
presence of the jury, that the statement is reliable based on the
time, content, and circumstances of the statement; and 

 (3) the child testifies or is available to testify at the proceeding
in court or in any other manner provided by law. 

 Tex. Code Crim. Proc. Ann. art. 38.072 § 2 (Vernon Supp. 2004).