**Opinion filed June 19, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00005-CR

_____

## MATTHEW FRANKLIN WISE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 25080A**

### M E M O R A N D U M   O P I N I O N

Matthew Franklin Wise appeals his conviction of evading arrest or detention in a motor vehicle. *See* TEX. PENAL CODE ANN. § 38.04 (West Supp. 2013). After Appellant pleaded true to two enhancement paragraphs, the jury assessed punishment at confinement for thirty-eight years. The trial court sentenced Appellant accordingly. Appellant challenges the sufficiency of the evidence and urges that his sentence is not authorized by law. Specifically, Appellant asserts

that Texas Senate Bill 1416 is contrary to Section 35 of Article III of the Texas Constitution because it violates the "single-subject rule." *See* TEX. CONST. art. III, § 35. Appellant also claims that Texas Senate Bill 1416's amendment of Section 38.04 of the Texas Penal Code conflicts with Texas House Bill 3423's amendment of the statute.[1] We affirm.

## I. *Charged Offenses*

The grand jury indicted Appellant for one count of possession of methamphetamine and one count of possession of methamphetamine with intent to deliver—an amount of 4 grams but less than 200 grams.[2] The grand jury also indicted Appellant in a third count for evading arrest or detention in a motor vehicle. Appellant pleaded "not guilty" to all three counts. The jury found Appellant not guilty of possession of methamphetamine and not guilty of possession of methamphetamine with intent to deliver. But the jury found Appellant guilty of evading arrest or detention in a motor vehicle.

A person commits the third-degree felony offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him and uses a vehicle in flight.[3] PENAL § 38.04(b)(2)(A); *see Ex parte Jones*, No. PD-1158-13, 2014 WL 2478134 (Tex. Crim. App. June 4, 2014). The punishment range for a third-degree felony is imprisonment for not less than two years or more than ten years. PENAL § 12.34(a)

---

[1]*See* Texas H.B. 3423, Act of May 24, 2011, 82nd Leg., R.S., ch. 839, § 4; Texas S.B. 1416, Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3; PENAL § 38.04; *see also* Texas S.B. 496, Act of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1.

[2]TEX. HEALTH & SAFETY CODE ANN. §§ 481.112, 481.115 (West 2010).

[3]Section 38.04 of the Texas Penal Code was revised in 2011, effective on September 1, 2011, and was revised in 2013. However, the 2013 amendment merely redesignated a duplicate-numbered subdivision in Section 38.04(c) and is not relevant to the issues in this appeal. The Code referenced in this opinion is the statute in force on the date of the offense, which was February 29, 2012.

(West 2011).  In addition, a fine of up to $10,000 may be assessed.  *Id.* § 12.34(b).  The punishment range for a person convicted of a felony who has previously been convicted of two prior felonies, other than state jail felonies, is enhanced to imprisonment for life or for a term of not less than twenty-five years or more than ninety-nine years.  PENAL § 12.42(d).

## II. *Evidence at Trial*

Taylor County Narcotics Agent Gary Kalmus testified that on February 29, 2012, he and Sergeant Shay Bailey observed a silver car leaving a known drug house in Abilene, Texas, at a high rate of speed.  The officers attempted to stop the vehicle for speeding, but the driver refused to pull over.  Although the officers were in an unmarked pickup, the pickup was equipped with emergency lights, a siren, and a police placard that could be displayed in the front window.  Agent Kalmus noted that he activated the lights and siren but that the silver car did not stop.

As the officers chased the silver car, they watched the driver almost collide with a marked Abilene Police Department (APD) vehicle.  Agent Kalmus stated that the driver of the APD vehicle initially chased the silver car but then pulled over to let him and Sergeant Bailey lead the pursuit.

Agent Kalmus stated that he pursued the silver car for about five minutes and that, during that time, the driver traveled at speeds up to eighty miles per hour.  Agent Kalmus noted that he videotaped the pursuit with a handheld recorder, and a portion of this video was played for the jury.[4]

Agent Kalmus admitted that he lost visual contact of the silver car during the pursuit but suspected that the driver was headed to 250 North 13th Street, the

---

[4]Although the siren on Agent Kalmus's vehicle can be heard during the video, the video does not show the silver car or its driver.  The video shows Agent Kalmus and Sergeant Bailey following Officer Kevin Easley and Officer Easley then letting the other officers lead the pursuit to 250 North 13th Street.

location of a known drug house in the area.  When Agent Kalmus and Sergeant Bailey arrived at 250 North 13th Street, the silver car was parked outside, and Appellant was running from the car toward the house.

Agent Kalmus stated that he then arrested Appellant for the offense of evading arrest.  Agent Kalmus noted that officers subsequently searched the surrounding neighborhood and discovered a canvas bag on the street directly north of the house; the bag was filled with over sixty grams of methamphetamine.  Agent Kalmus stated that he believed the bag of methamphetamine belonged to Appellant and that Appellant had hidden the bag during the time the officers had lost visual contact of him.

Officer Kevin Easley testified that he was driving a marked Chevrolet Tahoe when he saw a silver car run a stop sign.  As the car approached him from the opposite side of the road, Officer Easley noticed the driver was traveling so fast that the driver could not stay in the correct lane.  Officer Easley stated that he had to steer his vehicle into a ditch in order to avoid a collision with the other driver's car.  Because his vehicle was only six or seven feet from the car, Officer Easley made eye contact with the driver of the car and identified him as Appellant.

Officer Easley recalled that, immediately after the near-collision, he made a U-turn, activated his lights, and pursued the silver car.  Officer Easley stated that, when he noticed that Agent Kalmus and Sergeant Bailey were already in pursuit of the car, he held back to let the other officers lead the chase.

### III. *Issues Presented*

Appellant presents three issues in the form of questions, which are paraphrased as follows:

(1)    Was the evidence at trial sufficient to support Appellant's conviction of evading arrest with a motor vehicle?

4

(2) Is Texas Senate Bill 1416 contrary to TEX. CONST. art. III, § 35 because it violates the "single-subject rule"?

(3) Does Texas Senate Bill 1416's amendment of Section 38.04 of the Penal Code conflict with Texas House Bill 3423's amendment of that statute?

The answer to the first question is "yes," while the answers to the remaining two questions are "no."

## IV. *Standard of Review*

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The trier of fact is the sole judge of the weight and credibility of the evidence, and a reviewing court may not reevaluate the weight and credibility of the evidence so as to substitute its own judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). The reviewing court must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

## V. *Analysis*

### A. *Sufficiency of the Evidence*

Appellant argues in his first issue that the evidence at trial was not sufficient to support his conviction of evading arrest. Appellant contends that the evidence

5

failed to prove he knew he was being pursued by the police when he led several officers on a high-speed chase that lasted several minutes.

A person commits the offense of evading arrest if he knows a police officer is attempting to arrest or detain him but nevertheless refuses to yield to a police show of authority. *Redwine v. State*, 305 S.W.3d 360, 362 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). While speed, distance, and duration of pursuit may be factors in considering whether a defendant intentionally fled, no particular speed, distance, or duration must show the requisite intent if other evidence establishes such intent. *Mayfield v. State*, 219 S.W.3d 538, 541 (Tex. App.—Texarkana 2007, no pet.)

In this case, the State adduced evidence that Appellant drove over the posted speed limit for several miles while two officers attempted to pull him over for speeding. Although the officers were in an unmarked vehicle, the vehicle's siren and lights were activated during the chase.

Appellant next came in contact with a third officer who watched him run a stop sign before almost being run off the road by Appellant's reckless driving. Because the officer's vehicle came within a short distance of Appellant's vehicle, the officer made eye contact with Appellant and later identified him as the driver of the vehicle. The officer then made a U-turn, activated his emergency lights, and joined in the pursuit of Appellant.

Appellant led officers on a chase that lasted several minutes and reached speeds up to eighty miles per hour. Moreover, Appellant drove in a dangerous manner and committed numerous traffic violations during the pursuit. The testimony at trial as to Appellant's acts during the commission of the offense sufficiently supported the jury's finding that Appellant intentionally fled from police officers lawfully attempting to detain him. Appellant's first issue is overruled.

6

*B.* *"Single-Subject" Requirement of Section 35 of Article III of the Texas*
     *Constitution*

Appellant argues, in his second issue, that Texas Senate Bill 1416 is unconstitutional based on its failure to conform to the "single-subject" requirement of Section 35 of Article III of the Texas Constitution. TEX. CONST. art. III, § 35. Consequently, Appellant contends that evading arrest or detention in a vehicle remains a state jail felony and that his punishment under Senate Bill 1416's amendment to Section 38.04 of the Penal Code was unauthorized. Section 35 of Article III of the Texas Constitution provides as follows:

> (a) No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject.

> (b) The rules of procedure of each house shall require that the subject of each bill be expressed in its title in a manner that gives the legislature and the public reasonable notice of that subject. The legislature is solely responsible for determining compliance with the rule.

> (c) A law, including a law enacted before the effective date of this subsection, may not be held void on the basis of an insufficient title.

The Court of Criminal Appeals recently ruled that Texas Senate Bill 1416, which amended Section 38.04 of the Texas Penal Code, does not unconstitutionally violate the single-subject rule in Section 35 of Article III of the Texas Constitution. *Jones*, 2014 WL 2478134.

In *Jones*, the appellant claimed that he could not be punished for evading arrest as a third-degree felony, instead of a state jail felony, as a first-time offender because Texas Senate Bill 1416 violated Section 35 of Article III of the Texas Constitution. *Id.*, at *1. The Court of Criminal Appeals held, in *Jones*, that "[t]he provisions in [Senate Bill 1416] have the same general subject: imposition of

7

criminal penalties described in the Texas Penal Code for offenses involving motor vehicles. Furthermore, the provisions of the bill also have a mutual connection in that their enactment was intended to better protect law enforcement and the public from actors who evade arrest." *Id.*, at *3.

In addition, the Court of Criminal Appeals has construed Article III, section 35(c) to mean that courts no longer have the power to declare an act of the legislature unconstitutional due to the insufficiency of a bill's caption. TEX. CONST. art. III, § 35; *Jones*, 2014 WL 2478134, at *5–6; *Meshell v. State*, 739 S.W.2d 246, 251 (Tex. Crim. App. 1987); *Baggett v. State*, 722 S.W.2d 700, 702 (Tex. Crim. App. 1987); *Page v. State*, 70 S.W.3d 317, 319 (Tex. App.—Waco 2002, no pet.). Appellant's second issue is overruled.

### C. Amendments to Section 38.04 of the Texas Penal Code

Appellant argues in his final issue that there is a clear conflict between the amendments to Section 38.04 of the Texas Penal Code, as set forth in Texas Senate Bill 1416 and Texas House Bill 3423. Based on this conflict, Appellant contends that Section 311.031(b) of the Texas Government Code requires the application of House Bill 3423 in this case. *See* TEX. GOV'T CODE ANN. § 311.031(b) (West 2013).

Appellant's reliance on Section 311.031(b) of the Texas Government Code is misplaced, as no recent amendment to Section 38.04 of the Texas Penal Code reduces the punishment for the offense of evading arrest. *Id.*; PENAL § 38.04. Instead, the applicable provision is Section 311.025(b) of the Texas Government Code. GOV'T § 311.025(b). Section 311.025(b) provides as follows:

> (b) Except as provided by Section 311.031(d), if amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each. If the

8

amendments are irreconcilable, the latest in date of enactment prevails.

Section 311.025(d) defines the "date of enactment" as the date on which the last legislative vote was taken on the bill. *Id.* § 311.025(d).

During its 82nd regular session, the Texas legislature passed three separate bills that amended Section 38.04 of the Texas Penal Code: Senate Bill 496, House Bill 3423, and Senate Bill 1416. We hold that these bills do not present an irreconcilable conflict and may be harmonized based on the sequence in which they were enacted. In order to fully address Appellant's argument, we will discuss each of these bills in detail.

Senate Bill 496 passed in the Senate on April 13, 2011, and passed in the House on May 23, 2011. The bill amended Section 38.04 of the Texas Penal Code so as to enhance the punishment for a person who commits the offense of evading arrest using a watercraft.

House Bill 3423 passed in the House on May 13, 2011, and passed in the Senate on May 24, 2011. The bill amended Section 38.04 of the Texas Penal Code so as to make the offense of evading arrest applicable to a person who intentionally flees from a federal special investigator attempting to lawfully arrest or detain him.

Senate Bill 1416 passed in the Senate on April 11, 2011, and passed in the House on May 20, 2011, and the Senate concurred with the House amendment on May 27, 2011. The bill amended Section 38.04 of the Texas Penal Code in two ways: (1) the bill created additional liability for a person who intentionally flees from police using a tire deflation device and (2) the bill elevated the offense of evading arrest using a motor vehicle to a third-degree felony.

Because Senate Bill 1416 was the last of the three bills to be enacted, the fact that the other bills do not contain the language used in Senate Bill 1416 does not present an irreconcilable conflict. Rather, the sequence in which the bills were

9

passed shows that the legislature did not intend to change the grade of the offense and, thus, increase the punishment for the offense of evading arrest using a motor vehicle until it passed Senate Bill 1416.

We conclude that the legislature intended to make three sets of amendments to Section 38.04 of the Texas Penal Code, and all of these amendments may be harmonized so as to give effect to each one. Senate Bill 1416 does not conflict with House Bill 3423 or Senate Bill 496. Consequently, Appellant was properly sentenced under Senate Bill 1416's amendment to Section 38.04 of the Texas Penal Code. Appellant's third issue is overruled.

VI. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


June 19, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

10